# 20-3677

To be argued by:
**MATTHEW B. LARSEN**

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

-against-

ANTHONY PICA,

Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**APPENDIX FOR APPELLANT ANTHONY PICA**

FEDERAL DEFENDERS OF NEW YORK
APPEALS BUREAU
Matthew B. Larsen
Assistant Federal Defender
52 Duane Street, 10th Floor
New York, New York 10007
Tel.: (212) 417-8725
Email: Matthew_Larsen@fd.org

# TABLE OF CONTENTS

**Page**

District Court Docket Sheet………………………………………………1

Indictment.................................................................................24

Sentencing Transcript ...............................................................31

Resentencing Transcript………………………………………….48

Judgment ...................................................................................75

Notice of Appeal.......................................................................82

Johnson,MJSELECT-CLP

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:08-cr-00559-CBA-1

Case title: USA v. Pica et al

Date Filed: 08/13/2008

Related  Case:  <u>1:16-cv-03211-CBA</u>

Date Terminated: 08/26/2010

---

Assigned to: Judge Carol Bagley Amon

**Defendant (1)**

**Anthony Pica**
*TERMINATED: 08/26/2010*

represented by **Mario F. Gallucci**
Helbock Nappa & Gallucci
732 Castleton Avenue
Staten Island, NY 10310
718-273-9000
Fax: 718-816-0718
Email: mfg7102@aol.com
*TERMINATED: 08/19/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Matthew J. Santamauro**
Matthew J. Santamauro, P.C.
2550 Victory Blvd.
Suite 306
Staten Island, NY 10314
(718)273-2092
Fax: (718)816-0718
Email: msantamauro@aol.com
*TERMINATED: 08/19/2009*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Samuel Jacobson**
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-407-7429
Fax: 718-855-0760
Email: samuel_i_jacobson@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**A. 001**

**Anthony L. Ricco**
20 Vesey Street
Suite 400
New York, NY 10007
(212)791-3919
Fax: (212)791-3940
Email: tonyricco@aol.com
*TERMINATED: 01/23/2018*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Deirdre Dionysia Von Dornum**
Federal Defenders of NY
One Pierrepont Plaza
16th floor
Brooklyn, NY 11201
718-330-1210
Fax: 718-855-0760
Email: Deirdre_vondornum@fd.org
*ATTORNEY TO BE NOTICED*

**Diarmuid White**
White & White
148 East 78 Street
New York, NY 10021
(212) 861-9850
Fax: 212-861-9870
Email: diarmuid@whiwhi.com
*TERMINATED: 01/23/2018*
*ATTORNEY TO BE NOTICED*

**Matthew Brady Larsen**
Federal Defenders of New York
52 Duane Street
10th Floor
New York, NY 10007
212-417-8725
Fax: 212-571-0392
Email: matthew_larsen@fd.org
*ATTORNEY TO BE NOTICED*

**Michael Rosen**
Law Office of Michael Rosen
61 Broadway
Suite 1105
New York, NY 10006
212-742-1717
Fax: 212-248-4068
Email: mrosenlaw@aol.com
*TERMINATED: 01/23/2018*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**                                    **Disposition**

A. 002

INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (1sssss)

Amended Judgment Imprisonment: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1, 2 and 4. Supervised Release: Count 1: 3 yrs; Count 2: 3 yrs to run concurrently with Count 1; Counts 3 & 4: 5 yrs to run consecutively with Counts 1 and 2; Special Assessment: $400. Original Sentence: IMPRISONMENT: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1,2 and 4; SUPERVISED RELEASE: Count 1: 3 years; Count 2: 3 years to run concurrently to Count 1; Counts 4 and 5: 5 years to run concurrently to each other and with Counts 1 and 2 with special conditions; SPECIAL ASSESSMENT: $400; RESENTENCING: The deft is hereby resentenced to 240 months on count 1 and on count 2; 216 months to run concurrently with the sentence on count 1; and 24 months to run consecutively followed by 3 years of supervised release to run concurrently on each count. Deft has already paid $400 special assessment. Restitution $36,000. Fine waived.

INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (2sssss)

Amended Judgment Imprisonment: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1, 2 and 4. Supervised Release: Count 1: 3 yrs; Count 2: 3 yrs to run concurrently with Count 1; Counts 3 & 4: 5 yrs to run consecutively with Counts 1 and 2; Special Assessment: $400. Original Sentence: IMPRISONMENT: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1,2 and 4; SUPERVISED RELEASE: Count 1: 3 years; Count 2: 3 years to run concurrently to Count 1; Counts 4 and 5: 5 years to run concurrently to each other and with Counts 1 and 2 with special conditions; SPECIAL ASSESSMENT: $400; RESENTENCING: The deft is hereby resentenced to 240 months on count 1 and

VIOLENT CRIME/DRUGS/MACHINE
GUN WHERE DEATH OCCURS
(4sssss)

on count 2; 216 months to run concurrently with the sentence on count 1; and 24 months to run consecutively followed by 3 years of supervised release to run concurrently on each count. Deft has already paid $400 special assessment. Restitution $36,000. Fine waived.

Amended Judgment Imprisonment: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1, 2 and 4. Supervised Release: Count 1: 3 yrs; Count 2: 3 yrs to run concurrently with Count 1; Counts 3 & 4: 5 yrs to run consecutively with Counts 1 and 2; Special Assessment: $400. Original Sentence: IMPRISONMENT: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1,2 and 4; SUPERVISED RELEASE: Count 1: 3 years; Count 2: 3 years to run concurrently to Count 1; Counts 4 and 5: 5 years to run concurrently to each other and with Counts 1 and 2 with special conditions; SPECIAL ASSESSMENT: $400

## Highest Offense Level (Opening)

Felony

## Terminated Counts

| Terminated Counts | Disposition |
| --- | --- |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (1) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (1s) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (1ss) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (1sss-2sss) | Dismissed |
| PENALTIES FOR FIREARMS (2) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN (2s) | Dismissed |

A. 004

| | |
|---|---|
| VIOLENT CRIME/DRUGS/MACHINE GUN (2ss) | Dismissed |
| INTERFERENCE WITH COMMERCE BY THREAT OR VIOLENCE (2ssss-3ssss) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN WHERE DEATH OCCURS (3) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN WHERE DEATH OCCURS (3s) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN WHERE DEATH OCCURS (3ss) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN (3sss) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN (3sssss) | Amended Judgment Imprisonment: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1, 2 and 4. Supervised Release: Count 1: 3 yrs; Count 2: 3 yrs to run concurrently with Count 1; Counts 3 & 4: 5 yrs to run consecutively with Counts 1 and 2; Special Assessment: $400. Original Sentence: IMPRISONMENT: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1,2 and 4; SUPERVISED RELEASE: Count 1: 3 years; Count 2: 3 years to run concurrently to Count 1; Counts 4 and 5: 5 years to run concurrently to each other and with Counts 1 and 2 with special conditions; SPECIAL ASSESSMENT: $400 |
| VIOLENT CRIME/DRUGS/MACHINE GUN WHERE DEATH OCCURS (4sss) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN (5ssss) | Dismissed |
| VIOLENT CRIME/DRUGS/MACHINE GUN WHERE DEATH OCCURS (6ssss) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

**USA**                                    represented by   **Frank Turner Buford**
U.S. Department of Justice
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6483
Fax: 718-254-6479
Email: turner.buford@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John David Buretta**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6314
Fax: 718-254-6478
*TERMINATED: 01/23/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Nicole M. Argentieri**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6232
Fax: 718-254-6481
Email: nicole.m.argentieri@usdoj.gov
*TERMINATED: 01/23/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dylan Alexander Stern**
Department of Justice
US Attorney's Office - EDNY
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6213
Email: Dylan.Stern@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Gina Marie Parlovecchio**
US Attorney Office
271 Cadman Plaza East 4th Floor

Brooklyn, NY 11201
718-254-7000
Fax: 718-254-6076
Email: gparlovecchio@mayerbrown.com
*TERMINATED: 01/23/2018*
*ATTORNEY TO BE NOTICED*

**Jack Dennehy**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201-1820
718-254-6133
Fax: 718-254-6478
Email: jack.dennehy@usdoj.gov
*TERMINATED: 01/23/2018*
*ATTORNEY TO BE NOTICED*

**Nadia Elizabeth Moore**
U.S. Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6362
Fax: 718-254-6076
Email: nadia.moore@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sarah Evans**
US Attorney's Office for the Eastern District
of New Yo
271a Cadman Plaza East
Brooklyn, NY 11201
718-254-6490
Fax: 718-254-6076
Email: sarah.evans@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Stephen E Frank**
United States Attorneys Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6143
Fax: 718-254-6076
Email: stephen.frank@usdoj.gov
*TERMINATED: 01/23/2018*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|-----|-------------|
| 08/13/2008 | 1 | SEALED INDICTMENT as to Anthony Pica (1) count(s) 1, 2, 3, Christopher Prince (2) count(s) 1, 2, 3, Charles Santiago (3) count(s) 1, 2, 3. (Attachments: # 1 letter) (Bowens, Priscilla) (Entered: 08/13/2008) |
| 08/14/2008 | 2 | Order to Unseal Indictment as to Anthony Pica, Christopher Prince, Charles Santiago. |

**A. 007**

| | | Ordered by Magistrate Judge James Orenstein on 8/14/2008. (Lee, Tiffeny) (Entered: 08/14/2008) |
|---|---|---|
| 08/14/2008 | 3 | Letter *Requesting Permanent Orders of Detention* as to Anthony Pica, Christopher Prince, Charles Santiago (Buretta, John) (Entered: 08/14/2008) |
| 08/14/2008 | 6 | NOTICE OF ATTORNEY APPEARANCE: Mario F. Gallucci appearing for Anthony Pica (Gallucci, Mario) (Entered: 08/14/2008) |
| 08/14/2008 | 7 | Minute Entry for proceedings held before Judge Carol B. Amon: AUSAs Nicole Argentieri and John Buretta; Defense counsel present for parties. Initial Arraignment as to Anthony Pica (1) Count 1,2,3 and Christopher Prince (2) Count 1,2,3 and Charles Santiago (3) Count 1,2,3 held on 8/14/2008. Initial Appearance and Plea entered: Not Guilty on all counts. Status Conference set for 9/4/2008 at 2:00 PM before Judge Carol B. Amon. (Court Reporter Burt Sulzer.) (Clarke, Melonie) (Entered: 08/15/2008) |
| 08/14/2008 | 8 | ORDER TO CONTINUE - Ends of Justice as to Anthony Pica, Christopher Prince, Charles Santiago Time excluded from 8/14/2008 until 9/4/2008. (complex case) Ordered by Judge Carol B. Amon on 8/14/2008. (Clarke, Melonie) (Entered: 08/15/2008) |
| 08/14/2008 | 10 | ORDER OF DETENTION PENDING TRIAL as to Anthony Pica. Ordered by Judge Carol B. Amon on 8/14/2008. (Clarke, Melonie) (Entered: 08/15/2008) |
| 08/28/2008 | 13 | Letter as to Anthony Pica, Christopher Prince, Charles Santiago (Macedonio, Elizabeth) (Entered: 08/28/2008) |
| 08/29/2008 | 14 | NOTICE OF ATTORNEY APPEARANCE: Matthew J. Santamauro appearing for Anthony Pica (Santamauro, Matthew) (Entered: 08/29/2008) |
| 09/04/2008 | | Per the 9/4/08 e-mail from AUSA Buretta: Attorney update in case as to Anthony Pica, Christopher Prince, Charles Santiago. Attorney John David Buretta for USA added. (Vaughn, Terry) (Entered: 09/04/2008) |
| 09/04/2008 | 19 | Minute Entry for proceedings held before Judge Carol B. Amon: Status Conference as to Anthony Pica, Christopher Prince, Charles Santiago held on 9/4/2008. Counsel present. OED ent'd (complex case/death penalty). Financial affidavits to be filed by Dfts Pica & Prince. Further conference 10/23/08, at 2:00. (Court Reporter Melanie Sanders) (Abdallah, Fida) (Entered: 10/14/2008) |
| 10/23/2008 | 20 | Minute Entry for proceedings held before Judge Carol B. Amon: Status Conference as to Anthony Pica, Christopher Prince, Charles Santiago held on 10/23/2008. Counsel for parties present. Gov't reports discovery complete. Dfts motions due 12/05/08. Gov't response due 12/19/08. OED ent'd (complex case/death penalty). Learned counsel mitigation submissions due 1/5/09. Further conference 1/13/09, at 9:30. (Court Reporter Victoria Torres-Butler) (Abdallah, Fida) (Entered: 10/27/2008) |
| 10/23/2008 | 21 | ORDER OF EXCLUDABLE DELAY as to Anthony Pica, Christopher Prince, Charles Santiago: Time excluded from 10/23/2008 until 1/13/2009. Ordered by Judge Carol B. Amon on 10/23/2008. (Abdallah, Fida) (Entered: 10/27/2008) |
| 10/28/2008 | 22 | OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica held on 9/4/2008, before Judge Amon. Court Reporter/Transcriber Transcription Plus II, Telephone number 516-358-7352. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/18/2008. Redacted Transcript Deadline set for 11/28/2008. Release of Transcript Restriction set for 1/26/2009. (Sanders, Melanie) (Entered: 10/28/2008) |
| 12/04/2008 | 27 | Notice of MOTION for Discovery *and 404(b) Evidence* by Anthony Pica. (Attachments: |

**A. 008**

| | | |
|---|---|---|
| | | # [1] Declaration In Support, # [2] Memorandum in Support) (Ricco, Anthony) (Entered: 12/04/2008) |
| 12/17/2008 | [29] | Letter *requesting permanent order of detention as to defendant Maniscalco* as to Anthony Pica, Christopher Prince, Charles Santiago (Argentieri, Nicole) (Entered: 12/17/2008) |
| 12/17/2008 | [30] | Letter *Noticing Motion to Close Courtroom* as to Anthony Pica, Christopher Prince, Charles Santiago (Buretta, John) (Entered: 12/17/2008) |
| 12/17/2008 | [31] | Letter *Requesting Permanent Order of Detention as to Defendant Salvatore Maniscalco, Jr. (Correction Version)* as to Anthony Pica, Christopher Prince, Charles Santiago (Buretta, John) (Entered: 12/17/2008) |
| 12/17/2008 | | SCHEDULING ORDER: Based on the government's Motion to close the courtroom filed 12/17/08, a hearing on the motion has been scheduled for 12/18/2008 4:30 PM in Courtroom 13B South before Magistrate Judge Cheryl L. Pollak. The motion and supporting papers have been filed under seal. Ordered by Magistrate Judge Cheryl L. Pollak on 12/17/08. (Cooper, David) (Entered: 12/17/2008) |
| 12/17/2008 | [32] | SUPERSEDING INDICTMENT as to Anthony Pica (1) counts 1s, 2s, 3s; Christopher Prince (2) counts 1s, 2s, 3s; Charles Santiago (3) counts 1s, 2s, 3s; and Salvatore Maniscalco, Jr., (4) counts 1, 2, 3. (Abdallah, Fida) (Entered: 12/18/2008) |
| 12/18/2008 | | as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr an Arraignment on the S.S. Indictment has been set for 12/29/2008 09:30 AM in Courtroom 10D South before Judge Carol B. Amon. (Holley, Vanessa) (Entered: 12/18/2008) |
| 12/18/2008 | | ORDER: Closure hearing held; motion to close courtroom granted; courtroom closed. So Ordered by Magistrate Judge Cheryl L. Pollak on 12/18/08. (Cooper, David) (Entered: 12/18/2008) |
| 12/19/2008 | [37] | Letter *responding to defendant's December 4 motion* as to Anthony Pica (Argentieri, Nicole) (Entered: 12/19/2008) |
| 12/29/2008 | [38] | Minute Entry for proceedings held before Judge Carol B. Amon: Arraignment as to Anthony Pica (1) counts 1s,2s,3s and Charles Santiago (3) counts 1s,2s,3s held on 12/29/2008. Case called. Dfts appear w/counsel. Dfts plead not guilty to the superseding indictment. Dft continued in custody. Speedy trial info: Start 12/29/08 Stop 2/13/09. Status conference set for 2/13/09 @ 10:00 a.m. Def to file motions by 1/30/09, Gov't response due 2/13/09; Reply due 2/20/09. (Court Reporter Holly Driscol) (Abdallah, Fida) (Entered: 12/30/2008) |
| 12/30/2008 | | Set Hearings as to Anthony Pica and Charles Santiago: Status Conference set for 2/13/2009 10:00 AM before Judge Carol B. Amon. (Abdallah, Fida) (Entered: 12/30/2008) |
| 02/13/2009 | [49] | Minute Entry for proceedings held before Judge Carol B. Amon: Status Conference as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr. held on 2/13/2009. Parties report that motions will be filed timely. Further conference 3/11/09 at 9:30 after receipt of motions. (Court Reporter Sheldon Silverman) (Abdallah, Fida) (Entered: 02/13/2009) |
| 03/10/2009 | [58] | Letter MOTION for Medical Treatment Order MCC to render dental treatment by Anthony Pica. (Abdallah, Fida) (Entered: 03/10/2009) |
| 03/11/2009 | [59] | Minute Entry for proceedings held before Judge Carol B. Amon: Counsel for all sides present. Status Conference as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr held on 3/11/2009. Deft Maniscalco: mitigation submissions to govt due 4/17/09. Deft Santiago: original filing date of 3/27/09 regarding mitigation submissions remains in effect. Govts response due 5/01/09. Deft Pica: Medial Order issued to MCC regarding |

**A. 009**

| | | |
|---|---|---|
| | | dental concerns. Deft Maniscalco to review tapes & report to the Court via letter by 3/25/09 regarding position with respect to discovery letter. Status Conference set for 5/7/2009 at 2:00 PM in Courtroom 10D South before Judge Carol B. Amon. (Court Reporter Anthony Mancuso.) (Clarke, Melonie) (Entered: 03/12/2009) |
| 05/07/2009 | 71 | Minute Entry for proceedings held before Judge Carol B. Amon: AUSA Jon Buretta. Defense counsel present. Status Conference as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr held on 5/7/2009. Govt awaiting decision and response from Atty General (30-90 days). Further Status Conference set for 6/8/2009 at 3:30 PM in Courtroom 10D South before Judge Carol B. Amon. (Court Reporter Anthony Frisolone.) (Clarke, Melonie) (Entered: 05/11/2009) |
| 05/07/2009 | 72 | ORDER TO CONTINUE - Ends of Justice as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr Time excluded from 5/7/2009 until 6/8/2009. Ordered by Judge Carol B. Amon on 5/7/2009. (Clarke, Melonie) (Entered: 05/11/2009) |
| 06/08/2009 | 76 | Minute Entry for proceedings held before Judge Carol B. Amon: AUSAs John Buretta/ Nicole Argentieri; Defense counsel present for parties. Status Conference as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr held on 6/8/2009. Govt still awaiting response from DOJ. OED continues (complex). Letter regarding details for requests to be relieved to file ex parte by Mr. Galucci and Mr. Santamauro. Status Conference set for 7/8/2009 at 2:30 PM in Courtroom 10D South before Judge Carol B. Amon. (Court Reporter Burt Sulzer.) (Clarke, Melonie) (Entered: 06/10/2009) |
| 06/08/2009 | 77 | ORDER TO CONTINUE - Ends of Justice as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr Time excluded from 6/8/2009 until 7/8/2009. Ordered by Judge Carol B. Amon on 6/8/2009. (Clarke, Melonie) (Entered: 06/10/2009) |
| 06/19/2009 | | NOTICE OF HEARING as to Anthony Pica only: A Status Conference has been set for 6/26/09 at 3:00 PM in Courtroom 10D South before Judge Carol B. Amon. (Holley, Vanessa) (Entered: 06/19/2009) |
| 06/29/2009 | 82 | MOTION to Disqualify Counsel /Substitute counsel by Anthony Pica. (Abdallah, Fida) (Entered: 07/01/2009) |
| 07/08/2009 | 84 | Minute Entry for proceedings held before Judge Carol B. Amon: Status Conference as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr., held on 7/8/2009. Death penalty review and decision by Atty General still pending. Further conference 8/19/09, at 9:30. OED cont'd (complex case). J/S and trial set for 10/26/09, (2 weeks). (Court Reporter Anthony Mancuso) (Abdallah, Fida) (Entered: 07/24/2009) |
| 07/08/2009 | 85 | ORDER OF EXCLUDABLE DELAY as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr.: Time excluded from 7/8/2009 until 8/19/2009. Ordered by Judge Carol B. Amon on 7/8/2009. (Abdallah, Fida) (Entered: 07/24/2009) |
| 07/28/2009 | 89 | Letter *Advising the Court and Counsel that the Attorney General Has Directed that the Death Penalty Not Be Sought* as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr (Buretta, John) (Entered: 07/28/2009) |
| 08/19/2009 | 92 | Minute Entry for proceedings held before Judge Carol B. Amon:Status Conference as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr held on 8/19/2009. Counsels Santamauro & Gallucci relieved. Anthony Ricco appointed. Motion filed by dft Maniscalco to be decided on submission. Dft's Santiago's request for new trial date granted. Trial adjourned from 10/26/09 to 11/9/09. OED entered (unavailability of counsel Macedonio; plea discussions). Govt to file 404b letter to all counsel 8/21/09. Formel 404b motion to be filed 9/4/09. Dft's to respond 9/18/09. Further conference 11/4/09 at 9:30. Dispositions, if any, to proceed on this date. Parties to file jury instructions & voir dire requests 10/30/09. AUSA John Buretta; Defense Counsel, Joel |

| | | |
|---|---|---|
| | | Winograd for Maniscalco; Matthew Santamauro for Pica and Elizabeth Macedonio for Santiago. (Court Reporter Allan Sherman.) (Piper, Francine) (Entered: 08/21/2009) |
| 08/19/2009 | | Attorney update in case as to Anthony Pica. Attorney Mario F. Gallucci and Matthew J. Santamauro terminated. (Piper, Francine) (Entered: 08/21/2009) |
| 08/19/2009 | 93 | ORDER TO CONTINUE - Ends of Justice as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr Time excluded from 10/26/09 until 11/9/09. (Ordered by Judge Carol B. Amon on 8/19/2009) (Piper, Francine) (Entered: 08/21/2009) |
| 09/04/2009 | 95 | MOTION in Limine *for admission of evidence pursuant to Fed. R. Evid. 404(b)* by USA as to Anthony Pica, Charles Santiago, Salvatore Maniscalco, Jr. (Argentieri, Nicole) (Entered: 09/04/2009) |
| 10/16/2009 | 100 | Minute Entry for proceedings held before Judge Carol B. Amon: Status Conference as to Anthony Pica and Charles Santiago held on 10/16/2009. Appearances: AUSA John Buretta/Nicole Argentieri, Def counsels Anthony Ricco for Dft Pica and Elizabeth Macedonio for Dft Santiago. Guilty pleas rescheduled to 10/22/2009, at 2:00. If no dispositions, Jury Selection only on 11/9/09, at 9:30. Trial will commence 11/16/09, at 9:30. OED ent'd (plea discussions). (Court Reporter Victoria Torres-Butler) (Abdallah, Fida) (Entered: 10/21/2009) |
| 10/16/2009 | 101 | ORDER OF EXCLUDABLE DELAY as to Anthony Pica: Time excluded from 10/16/2009 until 10/22/2009. Ordered by Judge Carol B. Amon on 10/16/2009. (Abdallah, Fida) (Entered: 10/22/2009) |
| 10/22/2009 | 102 | Minute Entry for proceedings held before Judge Carol B. Amon: Guilty Plea as to Anthony Pica and Charles Santiago held on 10/22/2009. Appearances: AUSA John Buretta and Nicole Argentieri and Def counsels Anthony Ricco for Dft Pica and Elizabeth Macedonio for Dft Santiago. Both dfts refused to come to court. Status conference set for Dft Pica 10/26/09 @ 10:00 a.m. Guilty Plea set for Dft Charles Santiago 10/26/09 @ 10:00 a.m. (Court Reporter Nicole Warren) (Abdallah, Fida) (Entered: 10/22/2009) |
| 10/25/2009 | 103 | RESPONSE to Motion re 95 MOTION in Limine *for admission of evidence pursuant to Fed. R. Evid. 404(b)* (Ricco, Anthony) (Entered: 10/25/2009) |
| 10/26/2009 | 104 | Proposed Voir Dire by Anthony Pica (Ricco, Anthony) (Entered: 10/26/2009) |
| 10/31/2009 | 105 | Proposed Jury Instructions by USA as to Anthony Pica (Buretta, John) (Entered: 10/31/2009) |
| 11/02/2009 | 108 | Letter dated 10/29/09, from Anthony Pica to Judge Amon, requesting new counsel. (Abdallah, Fida) (Entered: 11/04/2009) |
| 11/03/2009 | | NOTICE OF HEARING as to Anthony Pica: The Pretrial Conference previously set for 11/04/09 has been adjourned to 11/09/09 following jury selection at 2:00 PM in Courtroom 10D South before Judge Carol B. Amon. (Holley, Vanessa) (Entered: 11/03/2009) |
| 11/04/2009 | 109 | SUPERSEDING INDICTMENT (S-2) as to Anthony Pica (1) count(s) 1ss, 2ss, 3ss. (Attachments: # 1 Criminal Information Sheet) (Clarke, Melonie) (Entered: 11/05/2009) |
| 11/06/2009 | 110 | Letter *regarding Defendant's Proposed Voir Dire* as to Anthony Pica (Buretta, John) (Entered: 11/06/2009) |
| 11/06/2009 | 111 | TRANSCRIPT of Status Conference as to Anthony Pica held on 11/6/2009, before Judge Amon. Court Reporter/Transcriber FIORE TRANSCRIPTION SERVICE, Telephone number (203) 929-9992. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of |

| | | |
|---|---|---|
| | | Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/24/2009. Redacted Transcript Deadline set for 12/4/2009. Release of Transcript Restriction set for 2/1/2010. (Clarke, Melonie) (Entered: 11/06/2009) |
| 11/06/2009 | 114 | Minute Entry for proceedings held before Judge Carol B. Amon: Status Conference as to Anthony Pica held on 11/6/2009. Appearances: AUSA John Buretta and Def counsel Anthony Ricco (via telephone). Conference held to address Dft's 11/2/09 letter to the Court. Jury selection and trial will proceed as previously scheduled. (ESR Melonie Clarke) (Abdallah, Fida) (Entered: 11/09/2009) |
| 11/07/2009 | 113 | Letter *providing government's list of names and places* as to Anthony Pica (Argentieri, Nicole) (Entered: 11/07/2009) |
| 11/09/2009 | 115 | NOTICE OF ATTORNEY APPEARANCE: Michael Rosen appearing for Anthony Pica (Rosen, Michael) (Entered: 11/09/2009) |
| 11/09/2009 | 116 | Minute Entry for proceedings held before Judge Carol B. Amon: Arraignment/Status conference as to Anthony Pica (1) counts 1ss,2ss,3ss held on 11/9/2009. Appearances: AUSA John Buretta and Def counsel Anthony Ricco. Anthony Ricco relieved for reasons stated on the record. Michael Rosen retained and to electronically enter Notice of Appearance. SS Indictment read into the record. Dft enters not guilty plea. J/S adj'd to 1/19/10. Trial adj'd 1/25/10, at 9:30. PTC 1/15/10, at 10:30. (Court Reporter Gene Rudolph) (Abdallah, Fida) (Entered: 11/16/2009) |
| 11/17/2009 | 117 | Letter as to Anthony Pica (Rosen, Michael) (Entered: 11/17/2009) |
| 12/02/2009 | 121 | ORDER as to Anthony Pica re 117 Letter. In light of the fact that defense counsel no longer has a trial conflict, the trial of defendant will now commence immediately after jury selection on January 19, 2010. Ordered by Judge Carol B. Amon on 12/2/2009. (Clarke, Melonie) (Entered: 12/02/2009) |
| 12/02/2009 | 122 | SUPERSEDING INDICTMENT (S-3) as to Anthony Pica (1) count(s) 1sss-2sss, 3sss, 4sss, John Delutro (5) count(s) 1-2, 3. (Attachments: # 1 Criminal Information Sheet) (Lee, Tiffeny) (Entered: 12/04/2009) |
| 12/07/2009 | 123 | Minute Entry for proceedings held before Judge Carol B. Amon: AUSAs John Buretta & Nicole Argentieri; Defense Counsel present for parties. Arraignment and Status Conference as to Anthony Pica, John Delutro held on 12/7/2009. Plea entered: by Anthony Pica, John Delutro Not Guilty on superseding indictment. Status Conference set for 12/18/2009 at 12:00 PM in Courtroom 10D South before Judge Carol B. Amon. (Court Reporter Henry Shapiro.) (Clarke, Melonie) (Entered: 12/14/2009) |
| 12/18/2009 | 125 | Minute Entry for proceedings held before Judge Carol B. Amon: Status Conference as to Anthony Pica, John Delutro held on 12/18/2009. Appearances: AUSA Nicole Argentieri and Def counsels Arnold Kriss for Dft Delutro and Michael Rosen for Dft Pica. **Status conference adj'd from 1/19/10 to 4/12/10. OED ent'd (unavailability of counsel). Dft's motions to be filed by 1/19/10. Govt's response due 2/2/10. O/A & Status conference set for 2/9/10, at 9:30. (Court Reporter Lisa Schmid) (Abdallah, Fida) (Additional attachment(s) added on 1/22/2010: # 1 **AMENDED Minute entry) Modified on 1/22/2010 (Abdallah, Fida). (Entered: 12/23/2009) |
| 12/18/2009 | 126 | ORDER OF EXCLUDABLE DELAY as to Anthony Pica, John Delutro: Time excluded from 12/18/2009 until 1/6/2010. Ordered by Judge Carol B. Amon on 12/18/2009. (Abdallah, Fida) (Entered: 12/23/2009) |
| 01/19/2010 | 130 | MOTION in Limine *for admission of evidence pursuant to Fed. R. Evid. 404(b)* by USA as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro. (Argentieri, Nicole) (Entered: 01/19/2010) |

| | | |
|---|---|---|
| 01/21/2010 | 132 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro held on 11/9/09, before Judge Amon. Court Reporter/Transcriber Rudolph, Telephone number 718-613-2538. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/11/2010. Redacted Transcript Deadline set for 2/22/2010. Release of Transcript Restriction set for 4/21/2010. (Rudolph, Gene) (Entered: 01/21/2010) |
| 02/03/2010 | | Case sealed as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro (Piper, Francine) (Entered: 03/04/2010) |
| 02/03/2010 | 146 | SEALED SUPERSEDING INDICTMENT (S-4) as to Anthony Pica (1) count(s) 2ssss-3ssss, 5ssss, 6ssss, Anthony Antico (6) count(s) 1, 2-3, 4. (Attachments: # 1 Criminal Information Sheet) (Piper, Francine) (Entered: 03/04/2010) |
| 02/09/2010 | 139 | Minute Entry for proceedings held before Judge Carol B. Amon: Motion Hearing as to Anthony Pica held on 2/9/2010. AUSA Nicole Argentieri and Def counsel Michael Rosen. Oral argument heard. Preliminary Ruling ent'd. Formal order to be ent'd after jury selection. Govt's revised Requests to Charge to be filed 2/19/10. Dft's objections to be filed by 3/5/10. PTC 4/8/10, at 4:30. (Court Reporter Anthony Frisolone) (Abdallah, Fida) (Entered: 02/11/2010) |
| 02/19/2010 | 144 | Proposed Jury Instructions by USA as to Anthony Pica (Buretta, John) (Entered: 02/19/2010) |
| 03/02/2010 | 147 | Order to Unseal Superseding Indictment (S-4) as to Anthony Pica, Anthony Antico.( Ordered by Judge Carol B. Amon on 3/2/2010) (Piper, Francine) (Entered: 03/04/2010) |
| 03/03/2010 | 145 | Letter *PICA-Defendants objections to Gov't Req. to Charge -03-03-10* as to Anthony Pica (Rosen, Michael) (Entered: 03/03/2010) |
| 03/11/2010 | 149 | Minute Entry for proceedings held before Judge Carol B. Amon: Arraignment SS Ind & Status Conference as to Anthony Pica (1) counts 2ssss-3ssss,5ssss,6ssss and Anthony Antico (6) counts 1,2-3,4 held on 3/11/2010. Appearances: AUSA Nicole Argentieri and Def counsels Mathew Mari for Dft Antico and Michael Rosen for Dft Pica. Dfts waive public reading of SS indictment. N/G pleas ent'd. Dft Antico: Counsel representation issue pending. Further conference 3/31/10, at 10:00. OED ent'd. Dft Pica: PTC to proceed as previously scheduled on 4/8/10, at 4:30. Trial to proceed as previously scheduled on 4/12/10. (Court Reporter Gene Rudolph) (Abdallah, Fida) (Entered: 03/11/2010) |
| 03/11/2010 | | Set/Reset Hearings as to Anthony Pica: Pretrial Conference set for 4/8/2010 04:30 PM in Courtroom 10D South before Judge Carol B. Amon. (Abdallah, Fida) (Entered: 03/11/2010) |
| 03/29/2010 | | NOTICE OF HEARING as to Anthony Pica: The TIME of the Pretrial Conference set for 04/08/10 has been CHANGED to 3:30 PM in Courtroom 10D South before Judge Carol B. Amon. (Holley, Vanessa) (Entered: 03/29/2010) |
| 04/07/2010 | 152 | SCHEDULING ORDER as to Anthony Pica Jury selection will begin promptly at 9:00 a.m. on April 12, 2010, in Courtroom 10-D, before the undersigned magistrate judge. All additional or different voir dire requests, beyond those filed on October 26, 2009 (by prior defense counsel) and November 6, 2009 (by the government), must be filed via ECF by Friday, April 9, 2010, at noon. Ordered by Magistrate Judge Roanne L. Mann on 4/7/2010. (Maynard, Pat) (Entered: 04/07/2010) |
| 04/08/2010 | 153 | Letter *regarding fifth superseding indictment* as to Anthony Pica (Attachments: # 1 Attachment) (Argentieri, Nicole) (Entered: 04/08/2010) |

| | | |
|---|---|---|
| 04/08/2010 | 154 | FIFTH SUPERSEDING INDICTMENT as to Anthony Pica (1) counts 1sssss-2sssss, 3sssss, 4sssss. (Abdallah, Fida) (Entered: 04/09/2010) |
| 04/08/2010 | 160 | Minute Entry for proceedings held before Judge Carol B. Amon: Arraignment/Pretrial Conference as to Anthony Pica (1) counts 1sssss-2sssss, 3sssss, 4sssss held on 4/8/2010. Appearances: AUSA John Buretta/Nicole Argentieri and Def counsel Michael Rosen. Dft waives public reading of Indictment. N/G plea ent'd to SS Indictment (S-5). Conference held. Jury to be selected by USMJ Roanne L. Mann. (Court Reporter Victoria Torres Butler) (Abdallah, Fida) (Entered: 04/14/2010) |
| 04/09/2010 | 155 | Letter as to Anthony Pica (Rosen, Michael) (Entered: 04/09/2010) |
| 04/09/2010 | 156 | Letter as to Anthony Pica (Rosen, Michael) (Entered: 04/09/2010) |
| 04/09/2010 | 157 | Letter *requesting that the defendant's renewed motion for an adjournment of the trial be denied* as to Anthony Pica (Argentieri, Nicole) (Entered: 04/09/2010) |
| 04/09/2010 | 158 | Letter as to Anthony Pica (Rosen, Michael) (Entered: 04/09/2010) |
| 04/12/2010 | 161 | Minute Entry for proceedings held before Magistrate Judge Roanne L. Mann: Voir Dire held on 4/12/2010 as to Anthony Pica. Appearances: AUSA John Burretta, AUSA Nichole Argentieri and Def counsel Michael Rosen. Case called. Jury selected. Trial to begin 4/12/10. (Tape # 9:00 - 3:15) (Abdallah, Fida) (Entered: 04/16/2010) |
| 04/12/2010 | 162 | Minute Entry for proceedings held before Judge Carol B. Amon: Jury Trial as to Anthony Pica held on 4/12/2010. Appearances: AUSA John Buretta, AUSA Nicole Argentieri and Def counsel Michael Rosen. Case called. Jurors sworn and jury trial begins. Gov't opens. Def opens. The following Gov't witnesses were sworn and examined: Robert Bilella, Deborah Piergiovanni, and George Kuczabski. Trial adj'd to 4/13/10, at 9:30. (Court Reporter Allan Sherman) (Abdallah, Fida) (Entered: 04/16/2010) |
| 04/13/2010 | 163 | Minute Entry for proceedings held before Judge Carol B. Amon: Jury Trial as to Anthony Pica held on 4/13/2010. Appearances: AUSA John Buretta, AUSA Nicole Argentieri and Def counsel Michael Rosen. Case called. Jury Trial resumes. The following Gov't witnesses were sworn and examined: Gregory Anzalone, Christopher Prince and Jon Raggi. Trial adj'd to 4/14/10, at 9:30. (Court Reporter Allan Sherman) (Abdallah, Fida) (Entered: 04/16/2010) |
| 04/14/2010 | 164 | Minute Entry for proceedings held before Judge Carol B. Amon: Jury Trial as to Anthony Pica held on 4/14/2010. Appearances: AUSA John Buretta, AUSA Nicole Argentieri and Def counsel Michael Rosen. Case called. Jury Trial resumes. The following Gov't witnesses were sworn and examined: Joseph Gencarelli; Charles Santiago; Greg Naeder. Trial adj'd to 4/15/10, at 9:30. (Court Reporter Allan Sherman) (Abdallah, Fida) (Entered: 04/16/2010) |
| 04/15/2010 | 166 | Minute Entry for proceedings held before Judge Carol B. Amon: Jury Trial as to Anthony Pica held on 4/15/2010. Appearances: AUSA John Buretta, AUSA Nicole Argentieri and Def counsel Michael Rosen. Case called. Jury Trial resumes. The following Gov't witnesses were sworn and examined: Greg Naeder (cont'd from 4/14); George Khouuzami; Michael Munn; Stephen Flatley. Jurors excused until 4/19/10, at 9:30. Charging conference 4/16/10, at 9:30. (Court Reporter Allan Sherman) (Abdallah, Fida) (Entered: 04/19/2010) |
| 04/16/2010 | 167 | Minute Entry for proceedings held before Judge Carol B. Amon: Jury Trial as to Anthony Pica held on 4/16/2010. Appearances: AUSA John Buretta, AUSA Nicole Argentieri and Def counsel Michael Rosen. Case called. Jury Trial resumes. Charging conference held. Trial cont'd to 4/19/2010, at 9:30. (Court Reporter Allan Sherman) (Abdallah, Fida) (Entered: 04/20/2010) |

| | | |
|---|---|---|
| 04/18/2010 | 165 | Letter *requesting amended jury instruction reflecting stipulation as to interstate commerce element* as to Anthony Pica (Argentieri, Nicole) (Entered: 04/18/2010) |
| 04/19/2010 | 168 | Minute Entry for proceedings held before Judge Carol B. Amon: Jury Trial as to Anthony Pica held on 4/19/2010. Appearances: AUSA John Buretta, AUSA Nicole Argentieri and Def counsel Michael Rosen. Case called. Jury Trial resumes. Summations held (9:45 - 3:50). Jury charged (3:50 - 4:40). Jury # 12 excused. Deliberations to commence 4/20/10, at 9:30. (Court Reporter Holly Driscoll) (Abdallah, Fida) (Entered: 04/21/2010) |
| 04/20/2010 | 169 | Minute Entry for proceedings held before Judge Carol B. Amon: Jury Trial as to Anthony Pica held on 4/20/2010. Appearances: AUSA John Buretta, AUSA Nicole Argentieri and Def counsel Michael Rosen. Case called. Jury Trial resumes. Guilty verdict on counts 1-4 of SS Indictment (S-5). Referred to Probation Department for PSI. Alternates excused. Deliberations held (9:45 - 2:45). Verdict reached. Sentencing 7/23/10, at 9:30. Dft's sentencing submissions due 7/09/10. Govt's response due 7/16/10. (Court Reporter Holly Driscoll) (Abdallah, Fida) (Entered: 04/21/2010) |
| 04/20/2010 | 170 | VERDICT Sheet as to Anthony Pica (1) Guilty on Count 1sssss-2sssss,3sssss,4sssss. (Abdallah, Fida) (Entered: 04/21/2010) |
| 04/21/2010 | | Set/Reset Hearings as to Anthony Pica: Sentencing set for 7/23/2010 09:30 AM in Courtroom 10D South before Judge Carol B. Amon. (Abdallah, Fida) (Entered: 04/21/2010) |
| 04/29/2010 | 176 | Letter *to Judge Amon regarding Rule 29-Motion-04-29-10* as to Anthony Pica (Rosen, Michael) (Entered: 04/29/2010) |
| 05/11/2010 | | Pursuant to the 5/11/10 e-mail from AUSA Dennehy: Attorney update in case as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro, Anthony Antico. Attorney Jack Dennehy for USA added. (Vaughn, Terry) (Entered: 05/11/2010) |
| 06/02/2010 | 194 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica held on 4/16/10, before Judge Townes. Court Reporter/Transcriber Marie Foley, Telephone number 718-613-2596. Email address: Marie_Foley@nyed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/23/2010. Redacted Transcript Deadline set for 7/6/2010. Release of Transcript Restriction set for 8/31/2010. (Foley, Marie) (Entered: 06/02/2010) |
| 06/30/2010 | 220 | Letter *Ltr to Judge Amon requesting adjournment of sentencing-06-30-10* as to Anthony Pica (Rosen, Michael) (Entered: 06/30/2010) |
| 08/10/2010 | | As to defendant Anthony Pica: Defendant's request for Sentencing adjournment granted. Defendant's sentencing submissions due 08/06/10. Government's response due 08/13/10. Sentencing adjourned to 08/20/10 at 10:30 in Courtroom 10D South before Judge Carol B. Amon. (Holley, Vanessa) (Entered: 08/10/2010) |
| 08/13/2010 | 250 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica held on 4/12/10, before Judge Mann. Court Reporter/Transcriber G. Rudolph, Telephone number 718-613-2538. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/3/2010. Redacted Transcript Deadline set for 9/13/2010. Release of Transcript Restriction set for 11/12/2010. (Rudolph, Gene) (Entered: 08/13/2010) |
| 08/18/2010 | 251 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica, |

| | | |
|---|---|---|
| | | Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro, Anthony Antico held on July 19, 2010, before Judge Amon. Court Reporter/Transcriber Burt Sulzer, Telephone number 718 613-2481. Email address: bsulzer@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/8/2010. Redacted Transcript Deadline set for 9/20/2010. Release of Transcript Restriction set for 11/16/2010. (Sulzer, Burt) (Entered: 08/18/2010) |
| 08/18/2010 | [252](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro, Anthony Antico held on July 20, 2010, before Judge Amon. Court Reporter/Transcriber Burt Sulzer, Telephone number 718 613-2481. Email address: bsulzer@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/8/2010. Redacted Transcript Deadline set for 9/20/2010. Release of Transcript Restriction set for 11/16/2010. (Sulzer, Burt) (Entered: 08/18/2010) |
| 08/18/2010 | [253](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro, Anthony Antico held on July 21, 2010, before Judge Amon. Court Reporter/Transcriber Burt Sulzer, Telephone number 718 613-2481. Email address: bsulzer@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/8/2010. Redacted Transcript Deadline set for 9/20/2010. Release of Transcript Restriction set for 11/16/2010. (Sulzer, Burt) (Entered: 08/18/2010) |
| 08/18/2010 | [254](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro, Anthony Antico held on July 22, 2010, before Judge Amon. Court Reporter/Transcriber Burt Sulzer, Telephone number 718 613-2481. Email address: bsulzer@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/8/2010. Redacted Transcript Deadline set for 9/20/2010. Release of Transcript Restriction set for 11/16/2010. (Sulzer, Burt) (Entered: 08/18/2010) |
| 08/18/2010 | [255](#) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro, Anthony Antico held on July 23, 2010, before Judge Amon. Court Reporter/Transcriber Burt Sulzer, Telephone number 718 613-2481. Email address: bsulzer@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/8/2010. Redacted Transcript Deadline set for 9/20/2010. Release of Transcript Restriction set for 11/16/2010. (Sulzer, Burt) (Entered: 08/18/2010) |
| 08/20/2010 | [256](#) | Letter application dated 8/20/2010 from Jason Fisher, NY Post to Judge Amon as to Anthony Pica requesting copies of any and all pre-sentence submissions by the defense or the government (Marziliano, August) (Entered: 08/20/2010) |
| 08/20/2010 | [257](#) | ORDER TO SHOW CAUSE as to Anthony Pica. The defendant is directed to show cause by noon on August 23, 2010 why the New York Post's request that the sentencing submission be made publicly available. If no opposition is received the document will be |

| | | |
|---|---|---|
| | | publicly filed.. Ordered by Judge Carol B. Amon on 8/20/2010. (Marziliano, August) (Entered: 08/20/2010) |
| 08/20/2010 | 260 | Minute Entry for proceedings held before Judge Carol B. Amon: John Buretta for the United States; Michael Rosen for the defendant.Sentencing held on 8/20/2010 for Anthony Pica (1), Count(s) 1, 1s, 1ss, 1sss-2sss, 2, 2s, 2ss, 2ssss-3ssss, 3, 3s, 3ss, 3sss, 4sss, 5ssss, 6ssss, Dismissed; Count(s) 1sssss, 2sssss, 3sssss, 4sssss, IMPRISONMENT: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1,2 and 4; SUPERVISED RELEASE: Count 1: 3 years; Count 2: 3 years to run concurrently to Count 1; Counts 4 and 5: 5 years to run concurrently to each other and with Counts 1 and 2 with special conditions; SPECIAL ASSESSMENT: $400. (Court Reporter Anthony Frisolone) (Lee, Tiffeny) (Entered: 08/26/2010) |
| 08/23/2010 | 258 | ORDER as to Anthony Pica determining that the redactions are apprpriate and that the Clerk of Court is directed to pubically file this letter and the redacted submission. Ordered by Judge Carol B. Amon on 8/23/2010.. Ordered by Judge Carol B. Amon on 8/23/2010. (Attachments: # 1 Redacted Submissions) (Marziliano, August) (Entered: 08/23/2010) |
| 08/26/2010 | 261 | JUDGMENT as to Anthony Pica (1), Count(s) 1, 1s, 1ss, 1sss-2sss, 2, 2s, 2ss, 2ssss-3sssss, 3, 3s, 3ss, 3sss, 4sss, 5ssss, 6ssss, Dismissed; Count(s) 1sssss, 2sssss, 3sssss, 4sssss, IMPRISONMENT: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1,2 and 4; SUPERVISED RELEASE: Count 1: 3 years; Count 2: 3 years to run concurrently to Count 1; Counts 4 and 5: 5 years to run concurrently to each other and with Counts 1 and 2 with special conditions; SPECIAL ASSESSMENT: $400 Ordered by Judge Carol B. Amon on 8/20/2010. (Lee, Tiffeny) (Entered: 08/26/2010) |
| 09/07/2010 | 263 | NOTICE OF ATTORNEY APPEARANCE: Diarmuid White appearing for Anthony Pica (White, Diarmuid) (Entered: 09/07/2010) |
| 09/07/2010 | 264 | NOTICE OF APPEAL by Anthony Pica re 261 Judgment filed 8/26/10. No fee paid. Attorney notified of fee via telephone. Service done electronically. (White, Diarmuid) Modified on 9/7/2010 (McGee, Mary Ann). (Entered: 09/07/2010) |
| 09/07/2010 | | Electronic Index to Record on Appeal as to Anthony Pica sent to US Court of Appeals 264 Notice of Appeal - Final Judgment. All the documents in this case are online and may be downloaded. (McGee, Mary Ann) (Entered: 09/07/2010) |
| 09/13/2010 | 265 | USCA Appeal Fees received $ 455.00, receipt number 4653019569 as to Anthony Pica re 264 Notice of Appeal - Final Judgment. (McGee, Mary Ann) (Entered: 09/13/2010) |
| 09/13/2010 | | First Supplemental Electronic Index to Record on Appeal as to Anthony Pica sent to US Court of Appeals 265 USCA Appeal Fees. For docket entries without a hyperlink, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/13/2010) |
| 09/22/2010 | 272 | TRANSCRIPT REQUEST (Form B) by Anthony Pica. Transcript of Trial and Sentence before Judge Amon requested. (White, Diarmuid) Modified on 9/22/2010 (McGee, Mary Ann). (Entered: 09/22/2010) |
| 09/22/2010 | | Second Supplemental Electronic Index to Record on Appeal as to Anthony Pica sent to US Court of Appeals 272 Transcript Request - Appeal For docket entries without a hyperlink, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/22/2010) |

| | | |
|---|---|---|
| 10/28/2010 | 281 | Letter dated 10/28/2010 from Michael Rosen, Esq. to Judge Amon, requesting Your Honor's recommendation to the BOP to re-designate Anthony Pica to a facility in the North East region. (Rosen, Michael) *(Modified)* (Entered: 10/28/2010) |
| 11/30/2010 | 292 | ORDER as to Anthony Pica re 281 Request: In view of the length of defendant's sentence and the hardship on his family, the Court respectfully recommends that Pica be redesignated to a FCI in the Northeast region. So Ordered by Judge Carol B. Amon on 11/29/2010. (Lee, Tiffeny) (Entered: 12/01/2010) |
| 12/13/2010 | 295 | CJA 30: Authorization to Pay Edward Wilford in Death Penalty Proceedings as to Anthony Pica Voucher # 100804000001.. Ordered by Judge Carol B. Amon on 7/27/2010. (Rios, Laura) (Entered: 12/13/2010) |
| 12/23/2010 | 297 | AMENDED JUDGMENT as to Anthony Pica (1), Count(s) 1, 1s, 1ss, 1sss-2sss, 2, 2s, 2ss, 2ssss-3ssss, 3, 3s, 3ss, 3sss, 4sss, 5ssss, 6ssss, Dismissed; Count(s) 1sssss, 2sssss, 3sssss, 4sssss, Imprisonment: Count 1: 240 months; Count 2: 240 months to run concurrently to Count 1; Count 4: 240 months to run concurrently to Counts 1 and 2; Count 3: 10 years to run consecutively to Counts 1, 2 and 4. Supervised Release: Count 1: 3 yrs; Count 2: 3 yrs to run concurrently with Count 1; Counts 3 & 4: 5 yrs to run consecutively with Counts 1 and 2; Special Assessment: $400. Ordered by Judge Carol B. Amon on 12/22/2010. (Lee, Tiffeny) (Entered: 12/23/2010) |
| 02/11/2011 | 300 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro, Anthony Antico held on November 9, 2010, before Judge Amon. Court Reporter/Transcriber Burt Sulzer, Telephone number 718 613-2481. Email address: bsulzer@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/4/2011. Redacted Transcript Deadline set for 3/14/2011. Release of Transcript Restriction set for 5/12/2011. (Sulzer, Burt) (Entered: 02/11/2011) |
| 02/11/2011 | 301 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro, Anthony Antico held on November 10, 2010, before Judge Amon. Court Reporter/Transcriber Burt Sulzer, Telephone number 718 613-2481. Email address: bsulzer@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/4/2011. Redacted Transcript Deadline set for 3/14/2011. Release of Transcript Restriction set for 5/12/2011. (Sulzer, Burt) (Entered: 02/11/2011) |
| 11/28/2011 | 306 | MANDATE of USCA (certified copy) as to Anthony Pica. It is Ordered that the judgment of the District Court is affirmed. Issued as Mandate: 11/28/11. (McGee, Mary Ann) (Entered: 11/28/2011) |
| 10/25/2012 | 314 | CJA 30: Authorization to Pay Anthony Ricco in Death Penalty Proceedings as to Anthony Pica Voucher # 120920000007.. Ordered by Chief Judge Carol Bagley Amon on 09/07/2012. (Rios, Laura) (Entered: 10/25/2012) |
| 01/29/2014 | 327 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Anthony Pica, Christopher Prince, Charles Santiago, Salvatore Maniscalco, Jr, John Delutro, Anthony Antico held on December 29, 2008, before Judge Amon. Court Reporter/Transcriber H. Driscoll, Telephone number 718-613-2274. Email address: hdrisc@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 2/19/2014. Redacted |

| | | |
|---|---|---|
| | | Transcript Deadline set for 3/3/2014. Release of Transcript Restriction set for 4/29/2014. (Driscoll, Holly) (Entered: 01/29/2014) |
| 06/17/2016 | 328 | MOTION to Vacate under 28 U.S.C. 2255 by Anthony Pica. (Von Dornum, Deirdre) Civil case 1:16-cv-03211-CBA opened. (Entered: 06/17/2016) |
| 06/27/2016 | 330 | MEMORANDUM in Support re 328 MOTION to Vacate under 28 U.S.C. 2255 (Basnight, Jasmine) (Entered: 06/28/2016) |
| 07/27/2016 | 331 | ORDER of USCA (certified copy) as to Anthony Pica re 264 Notice of Appeal - Final Judgment. Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion. It is ORDERED that the motion is DENIED as unnecessary because the adjudication of Petitioners prior § 2255 motion was not final as of the date the present motion was filed. According to the District Courts docket, the District Court has not yet ruled on Petitioners timely-filed motion for reconsideration of the denial of his first § 2255 motion. See Pica v. United States, E.D.N.Y. 13-cv-1150, docs. 17, 19. It is further ORDERED that the proceeding is TRANSFERRED to the District Court for whatever further action the District Court finds appropriate. The stay previously entered by the Court in this case is now TERMINATED. Certified Copy Issued: 7/26/16. Please Note: Per Circuit, Mandate not yet issued. (Attachments: # 1 Successive Motion to Vacate) (McGee, Mary Ann) (Entered: 07/27/2016) |
| 10/12/2016 | 332 | MANDATE of USCA (certified copy) as to Anthony Pica. Petitioner moves for leave to file a successive 28 U.S.C. § 2255 motion. It is ORDERED that the motion is DENIED as unnecessary because the adjudication of Petitioners prior § 2255 motion was not final as of the date the present motion was filed. See Hom Sui Ching v. United States, 298 F.3d 174, 177 (2d Cir. 2002). According to the District Court's docket, the District Court has not yet ruled on Petitioner's timely-filed motion for reconsideration of the denial of his first § 2255 motion. See Pica v. United States, E.D.N.Y. 13-cv-1150, docs. 17, 19; see also Fed. R. App. P. 4(a)(4). It is further ORDERED that the proceeding is TRANSFERRED to the District Court for whatever further action the District Court finds appropriate. Whab v. United States, 408 F.3d 116, 119 (2d Cir. 2005); see also 28 U.S.C. § 1631 (permitting transfer of an action to an appropriate venue in the interest of justice). The stay previously entered by the Court in this case is now TERMINATED. Issued as Mandate: 10/12/16. USCA #16-1954. (Attachments: # 1 USCA Motion for an Order Authorizing the District Court to Consider a Successive or Second Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 USC 2244(b), 2255(h)) (McGee, Mary Ann) (Entered: 10/12/2016) |
| 01/10/2017 | 333 | NOTICE OF ATTORNEY APPEARANCE Sarah Evans appearing for USA. (Evans, Sarah) (Entered: 01/10/2017) |
| 03/30/2017 | 334 | NOTICE OF ATTORNEY APPEARANCE: Matthew Brady Larsen appearing for Anthony Pica (Larsen, Matthew) (Entered: 03/30/2017) |
| 03/30/2017 | 335 | Consent MOTION to Continue *case pending Dimaya and Hill* by Anthony Pica. (Larsen, Matthew) (Entered: 03/30/2017) |
| 01/23/2018 | | Attorney update in case as to Anthony Pica. Attorney Jack Dennehy; Stephen E Frank; Gina Marie Parlovecchio; Anthony L. Ricco; Michael Rosen; Diarmuid White; Nicole M. Argentieri and John David Buretta terminated. (Fernandez, Erica) (Entered: 01/23/2018) |
| 01/24/2018 | 337 | Letter as to Anthony Pica (Larsen, Matthew) (Entered: 01/24/2018) |
| 08/30/2019 | | ORDER as to Anthony Pica re 337 Letter as to Anthony Pica. On January 24, 2018, counsel for the petitioner wrote to the Court regarding the stay of Mr. Pica's petition pending the Supreme Court's decision in Sessions v. Dimaya and the Second Circuit's decision in United States v. Hill. Dimaya was decided on April 17, 2018, and Hill was |

| | | |
|---|---|---|
| | | decided on May 9, 2018. To date, the Court has not received an update from the petitioner, specifically as to why <u>Hill</u> is not dispositive of his motion with respect to Count 2. Both parties are directed to advise the Court of their current positions, no later than <u>September 9, 2019</u>. Ordered by Judge Carol Bagley Amon on 8/30/2019. (Hall, Samantha) (Entered: 08/30/2019) |
| 09/04/2019 | [341](#) | NOTICE OF ATTORNEY APPEARANCE Nadia Elizabeth Moore appearing for USA. (Moore, Nadia) (Entered: 09/04/2019) |
| 09/09/2019 | [342](#) | Consent MOTION for Extension of Time to File *response to Order of Aug. 30, 2019* by Anthony Pica. (Larsen, Matthew) (Entered: 09/09/2019) |
| 09/09/2019 | | ORDER granting [342](#) Motion for Extension of Time to File as to Anthony Pica. The consent motion for an extension until October 9, 2019 is granted. Ordered by Judge Carol Bagley Amon on 9/9/2019. (Hall, Samantha) (Entered: 09/09/2019) |
| 10/09/2019 | [347](#) | MEMORANDUM in Support re [328](#) MOTION to Vacate under 28 U.S.C. 2255 (Larsen, Matthew) (Entered: 10/09/2019) |
| 10/09/2019 | [348](#) | MEMORANDUM in Opposition re [328](#) MOTION to Vacate under 28 U.S.C. 2255 (Buford, Frank) (Entered: 10/09/2019) |
| 10/23/2019 | [349](#) | "Pro Se Supplemental MEMORANDUM in Support of [328](#) Petition Under 28 U.S.C. 2255 " (Fernandez, Erica) (Entered: 10/24/2019) |
| 10/25/2019 | [350](#) | Corrected "Pro Se Supplemental MEMORANDUM in Support of 328 Petition Under 28 U.S.C. 2255" filed by Anthony Pica. (Fernandez, Erica) (Entered: 10/28/2019) |
| 10/29/2019 | [351](#) | Letter *re Supplemental Authority on Pending 2255 Petition* as to Anthony Pica (Buford, Frank) (Entered: 10/29/2019) |
| 11/03/2019 | [353](#) | Letter *responding to government's letter of Oct. 29* as to Anthony Pica (Larsen, Matthew) (Entered: 11/03/2019) |
| 11/21/2019 | [354](#) | Consent MOTION for Extension of Time to File Response/Reply by Anthony Pica. (Larsen, Matthew) (Entered: 11/21/2019) |
| 11/21/2019 | | ORDER as to Anthony Pica re [354](#) Consent MOTION for Extension of Time to File Response/Reply filed by Anthony Pica. Counsel for Mr. Pica is directed to advise the Court by November 27, 2019 as to why it should accept a pro se submission from Mr. Pica, given that he is represented by counsel. Ordered by Judge Carol Bagley Amon on 11/21/2019. (Hall, Samantha) (Entered: 11/21/2019) |
| 11/27/2019 | [355](#) | Letter *responding to Court's question* as to Anthony Pica (Larsen, Matthew) (Entered: 11/27/2019) |
| 12/10/2019 | | ORDER granting [354](#) Motion for Extension of Time to File Response/Reply as to Anthony Pica. Pica is given until January 9, 2020 to submit a pro se response to the Government's October 9, 2019 letter brief. Ordered by Judge Carol Bagley Amon on 12/10/2019. (Hall, Samantha) (Entered: 12/10/2019) |
| 12/23/2019 | [358](#) | "Response to Government's October 9, 2019 Letter-Brief" re [348](#) Memorandum in Opposition filed by Anthony Pica. (Fernandez, Erica) (Entered: 12/26/2019) |
| 01/09/2020 | [359](#) | Petitioner's Notice of Supplemental Authority filed by Anthony Pica. (Fernandez, Erica) (Entered: 01/10/2020) |
| 01/10/2020 | [360](#) | Letter *re Judge Johnson's ruling this week* as to Anthony Pica (Larsen, Matthew) (Entered: 01/10/2020) |
| 01/13/2020 | [361](#) | Letter *re Supplemental Authority* as to Anthony Pica (Attachments: # [1](#) Exhibit) (Buford, |

| | | |
|---|---|---|
| | | Frank) (Entered: 01/13/2020) |
| 01/13/2020 | 362 | Letter *responding to government's letter of today* as to Anthony Pica (Larsen, Matthew) (Entered: 01/13/2020) |
| 01/23/2020 | 364 | Letter *re another ruling that attempted Hobbs Act robbery is not a crime of violence* as to Anthony Pica (Larsen, Matthew) (Entered: 01/23/2020) |
| 02/12/2020 | 366 | Letter *re another ruling that attempted Hobbs Act robbery is not a crime of violence* as to Anthony Pica (Larsen, Matthew) (Entered: 02/12/2020) |
| 03/17/2020 | 378 | MEMORANDUM AND ORDER: Because Counts One and Two are no longer "crimes of violence" sufficient to serve as predicates for convictions under § 924(c) and § 924(J), Pica's motion to vacate his conviction on Counts Three and Four is GRANTED. Because Pica's sentence under Count Three runs consecutively to his sentence under Counts One, Two, and Four, such that vacating the conviction under Count Three could have an effect on the length of his overall sentence, Pica's request for a resentencing hearing is also GRANTED. This Court will hold a resentencing on May 28, 2020 at 10:00 A.M. at the U.S. District Court for the Eastern District of New York, Brooklyn, NY 11201, in Courtroom 10D South. Accordingly, the Probation Department is directed to file an updated Presentence Report by April 20, 2020. Counsel for Pica is directed to file any additional sentencing materials on Pica' s behalf by April 27, 2020, and any response to those materials by the Government is due by May 4, 2020. Lastly, the Government is directed to prepare a writ of production for Pica in time for the appearance on May 28, 2020. Ordered by Judge Carol Bagley Amon on 3/17/2020. (Fernandez, Erica) Civil Case 1:16-cv-03211-CBA closed. (Entered: 03/17/2020) |
| 04/14/2020 | 382 | NOTICE OF APPEAL by USA as to Anthony Pica Appeal Record due by 4/28/2020. (Buford, Frank) (Entered: 04/14/2020) |
| 04/14/2020 | | Electronic Index to Record on Appeal as to Anthony Pica sent to US Court of Appeals 382 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 04/14/2020) |
| 04/14/2020 | 383 | NOTICE OF ATTORNEY APPEARANCE: Samuel Jacobson appearing for Anthony Pica (Jacobson, Samuel) (Entered: 04/14/2020) |
| 04/27/2020 | 384 | Letter *requesting brief sentencing submission extension* as to Anthony Pica (Jacobson, Samuel) (Entered: 04/27/2020) |
| 04/28/2020 | | ORDER as to Anthony Pica re 384 Letter: Application granted. Counsel for Pica is now directed to file any additional sentencing materials on Pica' s behalf by 5/1/20 and any response to those materials by the Government is due by 5/8/20. So Ordered by Judge Carol Bagley Amon on 4/28/2020. (Campbell, Tiffany) (Entered: 04/28/2020) |
| 05/04/2020 | 385 | SENTENCING MEMORANDUM by Anthony Pica (Attachments: # 1 Exhibits A-R) (Jacobson, Samuel) (Entered: 05/04/2020) |
| 05/08/2020 | 386 | SENTENCING MEMORANDUM by USA as to Anthony Pica (Buford, Frank) (Entered: 05/08/2020) |
| 05/12/2020 | 388 | ORDER as to Anthony Pica re 385 : For the reasons stated above, Pica's request for a remote resentencing is DENIED. The resentencing will proceed on September 18, 2020 at 10:00 a.m. in Courtroom 10D South before Judge Carol Bagley Amon. Ordered by Judge Carol Bagley Amon on 5/12/2020. (Fernandez, Erica) (Entered: 05/12/2020) |
| 09/15/2020 | 393 | MOTION for Special Appearance *and Take-Out Order for Re-Sentencing Hearing* by |

| | | |
|---|---|---|
| | | USA as to Anthony Pica. (Attachments: # 1 Proposed Order) (Buford, Frank) (Entered: 09/15/2020) |
| 09/16/2020 | 394 | ORDER re 393 as to Anthony Pica (1): IT IS HEREBY ORDERED that Deputy Marshals of the United States Marshals Service ("USMS") be permitted to take custody of ANTHONY PICA (Bureau of Prisons Register No. 76729-053) from FMC Devens in Ayer, Massachusetts as early as practicable on September 24, 2020, and then to return him to FMC Devens that same day. Ordered by Judge Carol Bagley Amon on 9/15/2020. (Attachments: # 1 Application) (Fernandez, Erica) (Entered: 09/16/2020) |
| 09/21/2020 | | ORDER as to Anthony Pica: If the Government is seeking restitution for the funeral expenses of the victim as it appears in the recent addendum to the PSR, it is to provide the Court and defense counsel with the underlying documents supporting those requests no later than noon on September 23, 2020. The government is also reminded to give notice of the resentencing proceeding to the Victim's family. So Ordered by Judge Carol Bagley Amon on 9/21/2020. (Campbell, Tiffany) (Entered: 09/21/2020) |
| 09/23/2020 | 396 | SENTENCING MEMORANDUM SUPPLEMENT by USA as to Anthony Pica (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Buford, Frank) (Entered: 09/23/2020) |
| 09/24/2020 | 402 | Minute Entry for proceedings held before Judge Carol Bagley Amon: Resentencing held on 9/24/2020 for Anthony Pica (1). Counsel for parties present. The deft is hereby resentenced to 240 months on count 1 and on count 2; 216 months to run concurrently with the sentence on count 1; and 24 months to run consecutively followed by 3 years of supervised release to run concurrently on each count. Deft has already paid $400 special assessment. Restitution $36,000. Fine waived.(Court Reporter Lisa Schmid.) (Fernandez, Erica) (Entered: 10/08/2020) |
| 10/22/2020 | 403 | AMENDED JUDGMENT as to Anthony Pica (1), Count(s) 1, 1s, 1ss, 1sss-2sss, 2, 2s, 2ss, 2ssss-3ssss, 3, 3s, 3ss, 3sss, 4sss, 5ssss, 6ssss, Dismissed; RESENTENCING on Count(s) 1sssss, 2sssss: The deft is hereby resentenced to 240 months on count 1 and on count 2; 216 months to run concurrently with the sentence on count 1; and 24 months to run consecutively followed by 3 years of supervised release to run concurrently on each count. Deft has already paid $400 special assessment. Restitution $36,000. Fine waived. Ordered by Judge Carol Bagley Amon on 10/21/2020. (Fernandez, Erica) (Main Document 403 replaced on 10/22/2020) (Fernandez, Erica). (Entered: 10/22/2020) |
| 10/22/2020 | 407 | NOTICE OF APPEAL by Anthony Pica re 403 Amended Judgment. No fee paid. Although this Appeal is being filed Pro Se, Appellant was represented by Federal Defenders. Service done electronically. Please note that Appellant cites 9/24/20 as the date of decision being appealed, this was the date of the Sentencing hearing for the Amended Judgment. (McGee, Mary Ann) (Entered: 10/23/2020) |
| 10/23/2020 | | Electronic Index to Record on Appeal as to Anthony Pica sent to US Court of Appeals 407 Notice of Appeal - Final Judgment, Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 10/23/2020) |
| 10/23/2020 | 408 | NOTICE OF APPEAL by USA as to Anthony Pica Appeal Record due by 10/23/2020. (Trowel, Kevin) Modified on 10/27/2020to reflect "Duplicate" (McGee, Mary Ann). Modified on 10/28/2020 - Appeal was filed by USA. (McGee, Mary Ann). (Entered: 10/23/2020) |
| 10/27/2020 | | First Supplemental Electronic Index to Record on Appeal as to Anthony Pica sent to US Court of Appeals 408 Duplicate Notice of Appeal - Final Judgment (McGee, Mary Ann) |

| | | |
|---|---|---|
| | | (Entered: 10/27/2020) |
| 12/11/2020 | 411 | ORDER as to Anthony Pica, Charles Santiago: It is ORDERED that the Judgments in the following cases are amended to eliminate line 12 from the Standard Conditions of Supervision regarding the notification of risk. Ordered by Judge Carol Bagley Amon on 12/10/2020. (Fernandez, Erica) (Entered: 12/11/2020) |
| 07/07/2022 | 424 | MANDATE of USCA (certified copy) as to Anthony Pica re 408 Notice of Appeal - Final Judgment. IT IS HEREBY ORDERED that the motion is GRANTED. The dismissal of 20-1272 and 20-3691 have no effect on the Defendants pending appeal in 20-3677. Issued as Mandate: 7/7/2022. USCA# 20-1272. (Jones, Vasean) (Entered: 07/08/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/07/2022 11:28:08 | | | |
| **PACER Login:** | FDle0026 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:08-cr-00559-CBA |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

JDB:NMA
F.#2008R01379

FILED
CLERK

10 APR -8  AM 10: 45

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

ANTHONY PICA,

           Defendant.

- - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 08-559 (S-5)(CBA)
(T. 18, U.S.C., §§
924(c)(1)(A)(i),
924(c)(1)(A)(ii),
924(c)(1)(A)(iii),
924(j)(1), 1951(a), 2 and
3551 et seq.)

THE GRAND JURY CHARGES:

COUNT ONE
(Robbery Conspiracy)

On or about April 29, 2008, within the Eastern District
of New York, the defendant ANTHONY PICA, together with others,
did knowingly and intentionally conspire to obstruct, delay and
affect commerce, and the movement of articles and commodities in
commerce, by robbery, to wit: the robbery of jewelry from Louis
Antonelli.

(Title 18, United States Code, Sections 1951(a) and
3551 et seq.)

COUNT TWO
(Attempted Robbery)

On or about April 29, 2008, within the Eastern District
of New York, the defendant ANTHONY PICA, together with others,
did knowingly and intentionally attempt to obstruct, delay and
affect commerce, and the movement of articles and commodities in

A. 024

2

commerce, by robbery, to wit: the robbery of jewelry from Louis
Antonelli.

      (Title 18, United States Code, Sections 1951(a), 2 and
3551 et seq.)

COUNT THREE<br>(Using and Carrying a Firearm)

      On or about April 29, 2008, within the Eastern District
of New York, the defendant ANTHONY PICA, together with others,
did knowingly and intentionally possess a firearm in furtherance
of one or more crimes of violence, to wit: the crimes charged in
Count One and Count Two, and, together with others, did knowingly
and intentionally use and carry a firearm during and in relation
to said crimes of violence, which firearm was brandished and
discharged.

      (Title 18, United States Code, Sections
924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551
et seq.)

COUNT FOUR<br>(Causing Death Through Use of a Firearm)

      On or about April 29, 2008, within the Eastern District
of New York, the defendant ANTHONY PICA, together with others, in
the course of a violation of Title 18, United States Code,
Section 924(c), to wit: the crime charged in Count Three, did
cause the death of a person through the use of a firearm, which
killing is murder as defined by Title 18, United States Code,

**A. 025**

3

Section 1111(a), in that the defendant, together with others, did unlawfully kill, and cause the killing of, Louis Antonelli in the attempt to perpetrate a robbery of Louis Antonelli.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

A. 026

F. #2008R01379

FORM DBD-34

JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*Anthony Pica,*

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(j)(1), 1951(a), 2 and 3551 et seq.)

*A true bill.*

_____ _____
                                                                     *Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____ .

_____
                                                                        *Clerk*

*Bail, $* _____

_____

*Nicole M. Argentieri, Assistant U.S. Attorney (718-254-6232)*

A. 027

Calendar Minutes

On GRAND JURY PRESENTMENT

BEFORE MAGISTRATE - _Mann_     DATE _4 - 8 - 10_

1. The Grand Jury of _____ 18 _____ handed up

_____ 1 _____ indictment(s) which were ordered filed by the Court.
          (number)

2. _____ no _____ indictment(s) were ordered sealed by the court.

3. _____ no _____ arrest warrant(s) were ordered by the court.

The grand jury there upon

_____ returned for further deliberations
_____ was dismissed with the thanks of the court

O8CR 559 (CBA)(S-5)

A. 028

United States of America        MANU

Questions to be asked at grand jury presentments:

(1) What is the name of the grand jury in session?  Special 3.2.09

(2) How many indictments are being handed up? _____1_____

(3) Indictments to be sealed?  Yes_____        No_____

(4) Any warrants to be issued? _____no_____

If so, list names unless sealed.

_____        _____

_____        _____

_____        _____

5) Is the grand jury retiring for further deliberations or have they completed
   their business?

        Continuing_____✓_____

        Completed_____

**A. 029**

**INFORMATION SHEET**

FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

10 APR -8  AM 10: 45



1.   Title of Case:  **United States v. Anthony Pica**
2.   Related Magistrate Docket Number(s): N/A

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

None ( )

3.   Arrest Date:   **N/A**
4.   Nature of offense(s):  ☒    Felony
                            ☐    Misdemeanor

5.   Related Cases - Title and Docket No(s).  (Pursuant to Rule 50.3 of the
     Local E.D.N.Y. Division of Business Rules):   _____

     _____

6.   Projected Length of Trial:    Less than 6 weeks      (X)
                                    More than 6 weeks      ( )

7.   County in which crime was allegedly committed: <u>Staten Island, etc.</u>
     (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.   Has this indictment/information been ordered sealed?      () Yes  (X ) No

9.   Have arrest warrants been ordered?                        () Yes  (X) No

                    BENTON J. CAMPBELL
                    UNITED STATES ATTORNEY

          By: _____

                    Nicole M. Argentieri
                    Assistant U.S. Attorney
                    718-254-6232

Rev. 3/22/01

**A. 030**

1          UNITED STATES DISTRICT COURT
           EASTERN DISTRICT OF NEW YORK
2
   - - - - - - - - - - - - - - - X
3   UNITED STATES OF AMERICA,    :  08-CR-559(CBA)
                                 :
4                                :
                                 :
5                                :
         -against-              :  United States Courthouse
6                                :  Brooklyn, New York
                                 :
7                                :
                                 :
8   ANTHONY PICA,                :  Friday, August 20, 2010
                                 :  10:30 a.m.
9          Defendant.            :
10  - - - - - - - - - - - - - - - X

11       TRANSCRIPT OF CRIMINAL CAUSE FOR SENTENCING
          BEFORE THE HONORABLE CAROL BAGLEY AMON
12             UNITED STATES DISTRICT JUDGE

13                  A P P E A R A N C E S:

14  For the Government:    LORETTA E. LYNCH, ESQ.
                           United States Attorney
15                         Eastern District of New York
                               271 Cadman Plaza East
16                             Brooklyn, New York 11201
                           BY: JOHN BURETTA, ESQ.
17                             Assistant United States Attorney

18  For the Defendant:     LAW OFFICE OF MICHAEL ROSEN
                           Attorney for the Defendant -
19                         Anthony Pica
                               61 Broadway
20                             Suite 1105
                               New York, New York 10006
21                         BY: MICHAEL ROSEN, ESQ.

22

23

24

25

ALSO   PRESENT:


                    UNITED STATES PROBATION DEPARTMENT
                    Eastern District of New York
                         75 Clinton Street
                        Brooklyn, New York 11201
                    BY: ROBERTA HOULTON, U.S.P.O.




 Court Reporter:   Anthony D. Frisolone, FAPR, RDR, CRR, CRI
                   Official Court Reporter
                   Telephone: (718) 613-2487
                   Facsimile: (718) 613-2694
                   E-mail: Anthony_Frisolone@nyed.uscourts.gov

Proceedings recorded by computerized stenography.  Transcript
produced by Computer-aided Transcription.

1          (In open court.)

2          COURTROOM DEPUTY:  All rise, the United States

3   District Court for the Eastern District of New York is now

4   in session, the Honorable Carol Bagley Amon is now

5   presiding.

6          (Honorable Carol Bagley Amon takes the bench.)

7          COURTROOM DEPUTY:  Calling criminal cause for

8   sentencing in Docket No. 08-CR-559, *United States of America*

9   *against Anthony Pica*.

10          Counsel, please note your appearances for the

11  record.

12          MR. BURETTA:  For the United States of America,

13  Assistant United States Attorney John Buretta.

14          Good morning, your Honor.

15          MS. HOULTON:  Roberta Houlton, Probation.  Good

16  morning, your Honor.

17          THE COURT:  Good morning.

18          (Defendant enters the courtroom.)

19          THE COURT:  All right.

20          Mr. Rosen, is there any legal reason why we

21  shouldn't proceed with sentencing?

22          MR. ROSEN:  No, Judge.

23          THE COURT:  Have you read the presentence report

24  and discussed it with your client?

25          MR. ROSEN:  I have, your Honor.

1          THE COURT:  All right.

2               Mr. Pica, have you had the opportunity to

3     read your presentence report?

4          THE DEFENDANT:  Yes, I did.

5          THE COURT:  And have you had the opportunity to

6     discuss it with Mr. Rosen?

7          THE DEFENDANT:  Yes, I did.

8          THE COURT:  Are you satisfied to have him

9     represent you?

10         THE DEFENDANT:  Yes, I am.

11         THE COURT:  Okay.

12              Now, I have a sentencing memorandum from the

13    defendant.  I don't have anything from the Government.

14         MR. BURETTA:  That's correct, your Honor.

15         THE COURT:  All right.

16              Do you want to be heard?

17              Let me ask you first, I'm sorry, I neglected

18    to ask you an important question.

19              Is there any challenge to the guideline

20    calculation here as being accurately calculated?

21         MR. ROSEN:  It's accurately calculated.  I thought

22    you were going to ask me about a Rule 32 objection.  And if

23    you are to ask me, I don't have any Rule 32 objections.

24              I did file with Probation, your Honor, a

25    comment rather than an objection.  I thought the probation

1  department should note, at least -- I filed that in June --

2  and what I did, Judge Amon, was I just indicated to

3  Probation that, in my view, the Government had taken an

4  inconsistent position at the trial of Mr. Pica.  At the

5  trial of Mr. Pica before your Honor in that this was his

6  score, he planned this whole thing, he was the number one on

7  the top.

8              And then, in the Antico trial, which your

9  Honor also tried the Government took the position that after

10  Mr. Antico, that Mr. Fish, and then Mr. Maniscalco and to

11  Mr. Delutro and then Mr. Pica somehow came into the picture

12  at that point.

13              I just did that, not as an objection, but

14  just to ask them to consider in the offense portion of the

15  PSR which I believe is Paragraphs 7 to 17 that that's what I

16  thought should be indicated.  It's not technically an

17  objection under Rule 32, but I thought it was something I

18  was required to do as Mr. Pica's lawyer; and I just cited

19  the record before your Honor and in both cases, the Pica

20  case and the Antico case, that's the only reaction.

21          THE COURT:  What is the Government's position in

22  terms of the hierarchy of defendants in the role that each

23  plays in this unfortunate transaction.

24          MR. BURETTA:  Your Honor, the robbery plan,

25  obviously, the Government believes initiated with Anthony

1  Antico who provided that direction to Mr. Maniscalco and Mr.

2  DaLutro.  As of the day of the robbery itself, Mr. Pica was

3  running things.  That was the testimony of Mr. Maniscalco

4  and also the testimony of all of the other witnesses who

5  testified at Mr. Pica and Mr. Antico's trial.  And, in fact,

6  by the day of the robbery Mr. Maniscalco and Mr. Delutro

7  decided to leave because they believed that there was too

8  much law enforcement scrutiny in the area that day.

9            As of that day Mr. Pica who is propelling the

10  robbery plan forward and who is in charge of the people who

11  were on the scene engaged in the robbery.

12            So, by the time in the hours before the

13  robbery Mr. Pica's leading that robbery team, he's directing

14  them as to proceed despite the law enforcement activity in

15  the area.

16            In terms of -- if your Honor is asking in

17  terms of guidelines analysis, I think that makes Mr. Pica

18  correctly and defense counsel is not disagreeing that he has

19  a leadership role as a result of that.  There are certainly

20  other people who played a leadership role and who are

21  causing this robbery plan to be carried out.

22            THE COURT:  There wasn't a leadership role

23  assessed in the presentence report, was there?

24            MR. ROSEN:  I think Mr. Buretta is correct but let

25  me just check it.

1    MR. BURETTA:  I think that's right, Judge.  I also

2   think it wouldn't matter in light of the offense level

3   conduct which is a Level 43; but that's how we view where

4   this defendant fits into the overall plan to engage and we

5   have no objection to the PSR.

6    THE COURT:  And it is correct that Count Three

7   requires a sentence of not less than ten years.

8    MR. BURETTA:  Correct, Judge.

9    MR. ROSEN:  Yes, Judge.

10   THE COURT:  Okay.

11   MR. ROSEN:  Those are my comments on the PSR.  And

12  if your Honor would permit me, most respectfully, I did

13  submit a sentencing memorandum to your Honor and served it

14  on the Government and I'd like to just at first refer to

15  §3553(a).

16       Now, I understand, and painfully aware, that

17  a just and appropriate sentence has to reflect many of the

18  considerations in §3553(a) such as a just sentence and

19  general and specific deterrence, respect for the law; I am

20  totally aware of that.  I am also totally aware what your

21  Honor just mentioned was the mandatory ten-year sentence

22  under Count Three.

23       But, taking into consideration, Judge Amon,

24  two of the factors under §3553(a), one of which being the

25  nature and circumstances of the offense.  And I add to what

1   Mr. Buretta I thought candidly conceded was the hierarchy,

2   so to speak, but I did want to call to your Honor's

3   attention, as I did in my memorandum, that the record

4   reflects that Mr. Pica did not intend to shoot nor harm

5   Antonelli.  The Government witness, Charles Santiago, at

6   transcript 435 to 436 testified that Mr. Pica told him not

7   to hurt or harm Mr. Antonelli.

8           When you look at Application Note 2B,

9   Section 2A 1.1, Application Note 2B, it provides in part:

10  "That if a defendant did not cause the death intentionally

11  or knowingly, a downward departure may be warranted.  And

12  the extent of this departure should be based on defendant's

13  state of mind, degree of risk inherent in the conduct, and

14  the nature of the underlying offense conduct.

15          I think that that application note permits

16  your Honor to consider a sentence less than life

17  imprisonment and I think that the facts behind what I have

18  before you warrant your Honor considering it.

19          Certainly, we know from the trial that

20  Mr. Pica didn't shoot or touch or harm Mr. Antonelli and

21  nothing that anybody in this world can do, can bring this

22  poor man back or, you know, counsel or grieve with his

23  family.

24          Going one step further on the §3553(a) and

25  that's the history and characteristics of the defendant, I

1   will not in open court, obviously, go through the unstable,

2   tumultuous chaotic, choose the appropriate adjective,

3   background and childhood and my client had.  I think I laid

4   it out.

5                As you can see from the audience, the family

6   is here sister, Danielle is here, his little brother Billy,

7   the family and friends are here to show their love and

8   support.

9                But, again, Judge Amon, that this kind of

10  background, as I can put it, chaotic and tumultuous as it

11  was, I think the probation department and Ms. Houlton who

12  was with me when we interviewed Mr. Pica without quoting it

13  exactly so it doesn't become a matter of everybody's

14  talking, his background may be considered a mitigating

15  factor for the purposes of sentencing and that's

16  Paragraph 97 of the presentence report.

17               So, taking together the probation

18  department's statement that it may be considered this awful

19  nightmare as I see it, the background as a mitigating

20  factor, certainly not a defense, and I don't come here,

21  Judge Amon, saying this excuses any kind of unlawful conduct

22  but as a mitigating factor I hope that your Honor will

23  consider it.

24               So, what we have is both that guideline

25  application note as I mentioned and the possibility of your

1   Honor considering a mitigating factor of his background.

2   And we have a 31-year-old man, I believe this is his only

3   criminal conviction.  That's my understanding I know he's in

4   Category I but I believe this is his only criminal

5   conviction.

6           What strikes me, not just the what sister

7   Danielle told you and brother Billy told you, is that having

8   this type of turmoil and uncertainty in his life he was

9   still able to go to school, get a high school diploma, work

10  consistently through all these years.  They may not have

11  been glorious jobs, he worked in a deli and did some

12  plumbing.  But he worked, he worked he went to school, and

13  he and Danielle became a family for Billy, and Billy here

14  who sits in court is a good human being now having Danielle

15  and Anthony Pica as his surrogate parents.  The grandparents

16  helped a lot and they all deserve amazing credit for a

17  really difficult situation.

18          You do have a first offender who has your

19  Honor to give him a chance to get back to society in his

20  lifetime.  He has the education; he has the intelligence.

21  He has the ability, the work ethic to contribute to society

22  and I ask your Honor most respectfully and sincerely, based

23  on everything that I could put together from this family,

24  it's just really a testament to some of these people who

25  have kept, and you know what I find extraordinary, after all

1   these years in this business, is the love and support that

2   Danielle and Anthony still have for the parents who were

3   going through such a difficult, difficult situation.

4            You know, I learned in closing, Judge.  I

5   learned something from someone I think we both have had

6   contact with and I know Mr. Buretta has had contact.  It

7   came out in a case that I had before Chief Judge Dearie some

8   years ago and I've kind of adopted that as a mantra going

9   forward and that is there are two kinds of defendants:  One

10  is salvageable and one isn't salvageable.

11           I submit to your Honor that all that I have

12  attempted to get before this court demonstrates that Anthony

13  Pica is salvageable.  And, if given a chance to come out of

14  prison, as I think Grandma DeMarco said I would like to be

15  alive when and if he can ever come out of a federal prison,

16  he will contribute to his family, to society, to the

17  community and not ever find himself in this horrible,

18  horrible spot again.

19           I ask your Honor to consider not imposing a

20  life sentence and imposing a sentence that gives this man a

21  chance at some life after he has served his time.  Thank

22  you, Judge.

23       THE COURT:  Before I hear from Mr. Pica, does the

24  Government want to make any comment one way or the other.

25       MR. BURETTA:  Briefly, Judge.

1          We defer to your Honor's assessment as to an

2    appropriate sentence.  We believe that the guideline

3    sentence would be appropriate; a somewhat lower sentence

4    would also be appropriate.  The factors that we look to

5    concern, one, that this defendant had committed other crimes

6    as your Honor heard at the trial.  He had planned other

7    robberies; he had engaged in narcotics transactions.  So, he

8    doesn't come before the Court as a person who hasn't engaged

9    in other crimes.

10          And, secondly, we think it's important, as

11   alluded to a few minutes ago, when your Honor was asking

12   about the defendant's role in this and your Honor saw from

13   the trial testimony.  This defendant had an important choice

14   that day and he made all of the wrong choices purposefully.

15   He chose to get a team and told them to get a gun.  He knew

16   they would have a gun that day.  He sent them in even though

17   they were getting nervous about what they were about to do;

18   even though he saw there were cameras around and there had

19   been police in the area.  And he nonetheless sent these

20   other participants in to this robbery.  And that's why we're

21   here.

22          And we can't bring back Antonelli who had a

23   three-day old baby that day when he died or when he was shot

24   and later died.  We can't bring him back and the defendant

25   needs to be held accountable for that.  Whether he intended

1    to kill him or not, he certainly created a circumstance that

2    day that easily lent itself to what happened.

3              THE COURT:  Mr. Pica, do you want to say anything?

4              THE DEFENDANT:  No thank you, your Honor.

5              THE COURT:  Pardon me.

6              THE DEFENDANT:  I'm sorry.

7              THE COURT:  Do you want to say anything before the

8    Court imposes sentence?

9              THE DEFENDANT:  No, your Honor.

10             THE COURT:  Okay.  Well, there are a number of

11   factors that the Court has to take into account, one of

12   which, of course, the guideline calculation which would

13   suggest that that a term of imprisonment of life which

14   should be imposed in this case.  Now these guidelines are

15   only advisory.

16             The Court has to look to factors under

17   §3553(a) as well and let's just articulate some of those

18   important considerations.

19             One consideration, of course, is the

20   seriousness of the offense and this is an extraordinarily

21   serious offense.  It was a robbery in which a man's life was

22   taken.  It's difficult to think of a more serious offense

23   before this court than this one.

24             There has to be considerations of promoting

25   respect for the law, and obviously, there has to be a

1   substantial sentence here in order to promote respect for

2   the law and to provide a deterrence, another important

3   factor, to criminal conduct.

4            The Court has to look at the history and

5   characteristics of the defendant and the nature and the

6   circumstances of this particular offense.

7            In looking at the nature and circumstances of

8   this offense, as the Government pointed out, Mr. Pica did

9   have a substantial role in this offense:  He recruited the

10  crew and part of that planning included that someone would

11  have a weapon.

12           I don't believe that in planning this, that

13  it was Mr. Pica's intention that the weapon be used but he

14  clearly understood, in directing that one be taken, that

15  that was a serious and distinct possibility.  And,

16  unfortunately, in this case, that possibility came to

17  fruition and Mr. Pica bears responsibility for that.

18           In looking at the history and characteristics

19  of the defendant himself, the defendant, as counsel points

20  out, did have a difficult upbringing.  But obviously, that

21  doesn't excuse the conduct that he engaged in here.  He has

22  no prior criminal record but, as the Government points out,

23  he was, as the testimony at the trial revealed, involved in

24  the planning of other robberies.  So, this is a case that

25  calls out for a substantial sentence.

1          Under all of the circumstances of the case,

2    the Court concludes as even the Government implicitly

3    recognizes that a term of life imprisonment in this case is

4    not one that is necessarily required and it's the Court's

5    view that a term of life imprisonment is, in fact, an overly

6    severe sentence for a couple of the reasons.  One of which

7    was that it was not Mr. Pica's intention that the gun be

8    used.

9          And, second of all, I think, two, that one

10   consideration the Court could look at is I think that this

11   crime committed, were he prosecuted in the State for a

12   similar crime, I don't think that he would be facing a

13   mandatory life term.

14         So, it's the sentence of this Court that on

15   Count One he is sentenced to the maximum 240 months with a

16   three-year term of supervised release;

17         That he participate in mental health

18   treatment program approved by the probation department;

19         That he receive concurrent sentences on

20   Counts Two and Four to the same -- with the same amount of,

21   well, Count Four would be I believe is a five-year term of

22   supervised release.

23         On Count Three, I'm going to sentence him to

24   consecutive 10-year terms for a total prison term of

25   30 years.

1          The supervised release terms on Counts One

2   and Two are three years.  On Counts Three and Four, it's

3   five years.

4          And a special assessment of $400 on each of

5   the counts.

6          Mr. Pica, you have a right to appeal.  Any

7   Notice of Appeal has to be filed within 14 days.  Do you

8   understand that.

9          THE DEFENDANT:  Yes, I do, your Honor.

10          THE COURT:  Does the Government have anything

11   further?

12          MR. BURETTA:  No, your Honor.

13          COURTROOM DEPUTY:  Did you say no fine?

14          MR. ROSEN:  I don't think there are any open

15   counts.

16          THE COURT:  There are no open counts.

17          MR. ROSEN:  Maybe the underlying.

18          THE COURT:  In light of the financial information,

19   I'm not further imposing a fine.

20          MR. ROSEN:  Judge Amon, there may be an underlying

21   indictment that needs to be --

22          THE COURT:  Also, let me just make clear there are

23   two other conditions of supervised release.  One is that he

24   participate in mental health treatment.  Another is that he

25   participate in outpatient or inpatient drug treatment as

1   recommended by the probation department.  Those are

2   additional considerations.

3               MR. ROSEN:  Yes, Judge.

4               THE COURT:  I don't know that there's an

5   underlying indictment.

6               MR. BURETTA:  I think there is.  We move to

7   dismiss.

8               MR. ROSEN:  All right.

9               MR. BURETTA:  Thank you.

10              MR. ROSEN:  Thank you.

11              (Defendant exits from courtroom.)

12              (WHEREUPON, the proceedings were adjourned.)

13

14                       *   *   *

15

16              CERTIFICATE OF REPORTER

17      I certify that the foregoing is a correct transcript of
    the record of proceedings in the above-entitled matter.

18

19

20

21
    _____
22  Anthony D. Frisolone, FAPR, RDR, CRR, CRI
    Official Court Reporter
23

24

25

```
 1   UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF NEW YORK
 2   -------------------------------X
     UNITED STATES OF AMERICA          08 CR 559(CBA)
 3
     versus                            U. S. COURTHOUSE
 4                                     225 Cadman Plaza East
     ANTHONY PICA,                     Brooklyn, New York
 5
                   DEFENDANT.          September 24, 2020
 6   -------------------------------X  12:00 p. m.
 7          TRANSCRIPT OF CRIMINAL CAUSE FOR RESENTENCING
                 BEFORE THE HONORABLE CAROL AMON
 8                UNITED STATES DISTRICT JUDGE
 9                         APPEARANCES
10   Representing the Government:
11   SETH DUCHARME
     UNITED STATES ATTORNEY
12   EASTERN DISTRICT OF NEW YORK
     271 CADMAN PLAZA EAST
13   BROOKLYN, NEW YORK 11201
     BY:  TURNER BUFORD, ESQ.
14
     Representing the Defendant:
15
     FEDERAL DEFENDERS OF NEW YORK, INC.
16   One Pierrepont Plaza
     Brooklyn, New York 11201
17   BY:  SAMUEL JACOBSON, ESQ.
18
19   ALSO PRESENT:   ROBERTA HOULTON, USPO
20
21
22   Reported by:
     LISA SCHMID, CCR, RMR
23   OFFICIAL COURT REPORTER
     225 Cadman Plaza East, Room N377
24   Brooklyn, New York 11201
     Proceedings recorded by mechanical stenography. Transcript
25   produced by Computer-Aided Transcription.
```

1          THE CLERK:  Good afternoon.  This is Criminal Cause
2   for Resentencing on 08 CR 559, USA versus Anthony Pica.
3          Can the parties please state your names for the
4   record?
5          MR. BUFORD:  Good afternoon, Your Honor.  It's Turner
6   Buford for the United States.
7          THE COURT:  Good afternoon.
8          MR. JACOBSON:  And good afternoon -- sorry.
9          Probation?
10         MS. HOULTON:  Roberta Houlton, Probation.  Good
11  afternoon, Your Honor.
12         MR. JACOBSON:  Good afternoon, Your Honor.  Sam
13  Jacobson, Federal Defenders, for Anthony Pica, who is present
14  next to me.
15         THE COURT:  The first thing I'd like to -- you all can
16  be seated -- comment about is, I would like to express my
17  appreciation to the United States Marshals Service for making
18  sure that Mr. Pica was here today.
19         They actually had the Court sign a writ, so that
20  Mr. Pica could be brought and in, and had they not done that,
21  which is an unusual thing for them to do, we would have been
22  two to three weeks down the road.  So, I want to express my
23  appreciation to the Marshals for making sure that Mr. Pica was
24  here today.
25         This matter is on for a resentencing, and in

connection with the resentencing, I've been provided with a revised Pre-sentence Report, addendums to that report on the issue of restitution, a letter from the Government, and a letter on behalf of Mr. Pica, with numerous attachments to that of people who have come forward in support of Mr. Pica.

Is there any other -- are there any other materials, Mr. Jacobson, you think the Court should have?

MR. JACOBSON:  Not from Mr. Pica, no.

THE COURT:  How about the Government?

MR. BUFORD:  No, Your Honor.

THE COURT:  All right.  Mr. Pica, did you have the opportunity to read the revised report and the letters that were submitted?

THE DEFENDANT:  Yes, I did, Your Honor.

THE COURT:  And did you have an opportunity to discuss those with your counsel?

THE DEFENDANT:  Yes, I did.

THE COURT:  And are you satisfied to have him represent you?

THE DEFENDANT:  Yes, I am satisfied.

THE COURT:  All right.  Now, I understand that the first thing we have to do in connection with any sentencing, including a resentencing, is to determine the Guideline range.

The Guideline range remains, as I understand by agreement with both parties, it still calls for a sentence of

1  life, which of course is limited by the maximum of the two

2  counts, which would be 40 years or 480 months.

3         First of all, does the Government agree with that?

4         MR. BUFORD:  Yes, Your Honor.

5         THE COURT:  And do you agree with that, Mr. Jacobson?

6         MR. JACOBSON:  Yes, Your Honor.

7         THE COURT:  Are there any factual challenges to the

8  new Pre-sentence Report?

9         MR. BUFORD:  Not from the Government, Your Honor.

10        MR. JACOBSON:  Not from me, Judge.

11        THE COURT:  Okay.  And I take it, Mr. Jacobson, that

12 you have familiarized yourself as well with the original

13 sentencing proceeding --

14        MR. JACOBSON:  Yes.

15        THE COURT:  -- because you were not counsel at that

16 time?

17        MR. JACOBSON:  I have.

18        THE COURT:  Is there any legal reason we shouldn't

19 proceed with sentencing?

20        MR. JACOBSON:  No, Your Honor.

21        THE COURT:  And let me just -- is there any objection,

22 first of all, to the request for restitution?

23        MR. JACOBSON:  I wouldn't characterize it as an

24 objection.  I think we have no dispute in principle.  It should

25 be imposed.  I would just ask that some of the discrepancies in

1 the numbers be cleared up before Your Honor imposes --

2      THE COURT:  Well, what discrepancies are those?

3      MR. JACOBSON:  For example, one of the affidavits,

4 Your Honor, calls for restitution for money that was stolen.

5      THE COURT:  And there was no money stolen?

6      MR. JACOBSON:  Right.

7      THE COURT:  All right.  So, has the Government -- can

8 we come to some agreement based on that, so we can deal with

9 this issue?

10      MR. BUFORD:  Your Honor, I can certainly talk to

11 Mr. Jacobson and see if we can resolve any discrepancies.  I

12 would note that the victim's family has been able to provide

13 for the Court the documents associated with the funeral

14 expenses.  That was Exhibit 3 to our most recent letter.  It

15 does show that the total charge amount as well as the

16 reductions for the funds received from the Crime Victims Fund.

17      THE COURT:  Right.  It is what then?

18      MR. BUFORD:  So the total amount billed was $18,225.

19 They received $6,000 from the Crime Victims Fund.  So there's

20 an outstanding balance of $12,225 associated with that.

21      THE COURT:  Okay.

22      MR. BUFORD:  I think the family has also noted,

23 consistently, an expense of $25,435 with respect to the burial

24 plot that they incurred.  The family has not been able to

25 locate documentation or a receipt in connection with that

1   expense.  We're hopeful that they may be able to obtain that,

2   but they just haven't yet.

3          The only category left is the $6,000 in stolen money.

4   It's been my understanding -- I'm relatively new to the case as

5   well, Your Honor -- that no money or jewels were stolen.  In

6   fact, the whole point of the motion is that he was charged with

7   attempted robbery.

8          THE COURT:  Right.

9          MR. BUFORD:  The information we are hearing from the

10  family is that the victim may have left the house that morning

11  with $6,000 in cash and for whatever reason, it was never

12  returned to the family.  We're trying to find out if there is

13  anything specific we can point to that might justify that, but

14  that's all the information I have at this time.

15         THE COURT:  Do you object, Mr. Jacobson, to the

16  $12,225 and the $25,435, so that we cannot prolong these

17  proceedings?

18         MR. JACOBSON:  No objection to that.

19         THE COURT:  Okay.  I'll not impose the $6,000 based on

20  the fact that the understanding we have had all along was that

21  no money was stolen and, you know, quite frankly, the

22  likelihood that Mr. Pica could pay this back is slim, in any

23  event.

24         MR. BUFORD:  Your Honor, one other note on that?

25  Sorry.

1       THE COURT:  Yes?

2       MR. BUFORD:  The most recent affidavit does note that

3 the victim's family has received approximately $1200 in

4 restitution towards these expenses from the defendant,

5 Mr. Gencarelli, in the case before Judge Glasser.

6       I don't know that that necessarily affects the

7 calculations for the Court's order, since I think the order

8 could be joint and several, but I just wanted to note it.

9       THE COURT:  How much did he --

10      MR. BUFORD:  $1,205.

11      THE COURT:  Well, why don't we, just for the sake of

12 round numbers, make it $11,000 and $25,000 restitution?

13      MR. BUFORD:  No objection from the Government, Your

14 Honor.

15      THE COURT:  Okay.

16      All right.  Just so I have the parties' legal

17 position, there are positions that both sides take that I think

18 are not being disputed and are supported by the case law, and I

19 just want to address those first.

20      The Government takes the position that the Court

21 should impose the same sentence it imposed before.  The Court

22 would do that, assuming the Court were inclined to follow that

23 recommendation.  The Court would legally do that by imposing a

24 20 year term on Count 1, and a consecutive sentence on Count 2.

25      Do you agree that the Court has the power to do that,

1    Mr. Jacobson?

2           MR. JACOBSON:  (No response.)

3           THE COURT:  I haven't seen an objection to the

4    Government's recommendation that I give the same sentence

5    again.  I haven't seen a legal objection to it.  Obviously, you

6    have another objection.

7           MR. JACOBSON:  Your Honor, I -- sitting here today, I

8    can't say definitively.  I'm more familiar with the case law on

9    sentences for an attempted robbery and a completed robbery,

10   but where one is a conspiracy and one is an attempt, I

11   unfortunately can't say today, Your Honor, but we object to

12   that sentence on 3553(a) grounds.

13          THE COURT:  I think under -- I researched this issue

14   and under a decision of the Second Circuit, *United States*

15   *versus Weingarten*, in 713 F. 3d, 704, where there was, in

16   effect, a single pattern of conduct, where the factual mosaic

17   and the central factors remain the same which would be the case

18   here, the Court does have the power to impose the same sentence

19   by changing the sentence on another count when one of the

20   sentences is vacated.  So I think that I have the power to do

21   that under *Weingarten*.

22          Similarly, with respect to your point, Mr. Jacobson, I

23   also have the power at this point in time to give a less severe

24   sentence than 30 months based on post-sentencing

25   rehabilitation, and that is under a Supreme Court decision,

A. 055

*Pepper verses the United States*, 562, U. S. 476. So I think
those two principles apply here.

So do you want to be heard, Mr. Jacobson, on behalf of
Mr. Pica? I will hear from you, hear from the Government, then
hear from Mr. Pica.

MR. JACOBSON: Your Honor, again, I don't have a
citation today, and I'm -- but I would at least for purposes of
the appellate record, lodge an objection to consecutive
sentences. I will, of course, be arguing under 3553(a), that
consecutive sentences should not be imposed. But, I believe
there's a case, *Haynes*, potentially, that counsels against it,
but I unfortunately don't have a citation to offer.

I wanted to, at the outset, Judge, just acknowledge
all of Mr. Pica's family members who are sitting in the
audience today. Your Honor has already read many of their
letters, but I wanted to acknowledge Danielle Pica, his sister;
his brother is also here, a number of cousins and friends as
well.

As to the sentence Your Honor should impose today,
I -- the Court knows the background and the facts of this case
better than anyone. I was not trial counsel. Mr. Buford was
not trial counsel. So I don't want to belabor any of the
points that have been made in the past and were made again in
the parties' submissions.

The results of this crime were horrific. There is no

way around that.  We can't turn away from the fact that as the

Government said at the original sentencing in Mr. Pica's case,

that Mr. Pica had choices that day and he made all of the wrong

ones, ultimately with tragic results.  Mr. Pica knew that

Charles Santiago, who I believe is also pending resentencing,

had a firearm, and they chose to go forward with the robbery

anyway.

But I wanted to briefly reiterate some of the points

that I made in my submission that I think are uncontested at

this point regarding both Mr. Pica's *mens rea* at the time of

robbery, as well as his culpability, vis-a-vis his

co-defendants.

As to his *mens rea*, Judge, I think the parties agree

and the Court found at sentencing that Mr. Pica did not intend

for anyone to be hurt during the course of the robbery.  And in

fact, as Charles Santiago testified at trial, Mr. Pica

explicitly told Santiago, who had the firearm, that no one was

to be harmed.

I think that's important today, maybe even more

important today than it was at the original sentencing, because

at the original sentencing, although that fact was mentioned as

a 3553(a) factor, it was never presented as a basis for a

specific downward departure under the Guidelines, and there is

such a departure that the Guidelines contemplate for a felony

murder, where some the participants in that felony have a

1  *mens rea* that is lower than what the first degree murder

2  Guideline would provide for.

3        Now, counsel at the original sentencing asked Your

4  Honor to consider a sentence less than life and of course, Your

5  Honor ultimately imposed a sentence significantly less than

6  life, but as we discussed in the PSR what an appropriate

7  sentence is, I wanted to more explicitly raise the fact that

8  the Guidelines do address a case like Mr. Pica's where the *mens*

9  *rea* is lesser than malice aforethought, which I think we all

10  agree was the case here.

11        I laid out in my letter that the application note that

12  calls for that downward departure references that it should

13  more appropriately be considered as to what the *mens rea* was.

14  So if Your Honor found that it was more akin to second degree

15  murder, the Guidelines would call for a range of 235 to 293

16  months.

17        If Your Honor found that it was more akin to voluntary

18  manslaughter, the application note would call for a downward

19  departure to something akin to the range of 87 to 108 months,

20  which is, in fact, what was imposed for some of the

21  co-defendants who were similarly situated to Mr. Pica in terms

22  of their intent for harm.

23        THE COURT:  But their sentences were less for

24  different reasons having nothing to do with -- you know, I

25  think the record should be clear.  Those lower sentences did

1   not result from the determination that their *mens rea* was

2   somehow less than the defendant, Pica's.

3        Each of the defendant -- in Mr. Antico's case, he was

4   acquitted of conduct.  In Mr. Maniscalco's case, there was

5   cooperation.  There was cooperation with Prince as well as

6   Santiago.  So it wasn't as if the Court found that this

7   defendant had a higher *mens rea* than any of those other

8   defendants.  So I think that should be plain from the record.

9   There were other reasons.

10       And when we look at the defendant, Delutro, who was

11  arguably a less significant player than Mr. Pica, he pled

12  guilty to a stipulated plea agreement to 240 months.  So --

13       MR. JACOBSON:  That's right, Your Honor.  And I

14  don't -- I'm not familiar with the ineffective assistance

15  claims that were raised in this case.  I know there was some

16  suggestion on the record that Mr. Pica hadn't been aware that

17  it was possible to receive a lesser sentence if he pled guilty.

18       I'm not advancing that argument today.  I just think

19  that -- what I know for sure is that counsel did not raise his

20  specific *mens rea* based on downward departures.  The sentencing

21  transcript shows that what was raised was that the Court, based

22  on 3553, should consider a sentence less than life.

23       THE COURT:  But his Guidelines today remains life.

24       MR. JACOBSON:  It does.  It does remain life, Your

25  Honor, which is why I would point to the application note to

1  suggest that we should really -- at least for purposes of

2  thinking about where to start our analysis, that it should be

3  tied to Mr. Pica's *mens rea* here, and I think that's the thrust

4  of the application note.

5        THE COURT:  I'm sorry.  Tell me the application note

6  again, please?

7        MR. JACOBSON:  It's in my sentencing memorandum,

8  Judge.  It's Application Note 2(b) to Guidelines Section 2A1.1,

9  and essentially, 2.A1.1 is the first degree murder Guideline

10 and the application note that says in the context of a felony

11 murder where you're not the one who directly caused the death,

12 that a departure would be warranted that equates to whatever

13 the *mens rea* actually was for that particular defendant.

14 That's my understanding of -- my reading of the application

15 note.

16       So, what I would ask the Court to do is, especially as

17 we sit here, 13 years later, is to consider in that context the

18 fact that Mr. Pica explicitly told Mr. Santiago that no one

19 should be harmed, that he didn't -- that of course, he in some

20 way contributed to the harm, but he didn't intend for it to be

21 caused.  So I think his *mens rea* is closer to what I would

22 consider to be the voluntary manslaughter *mens rea*.

23       What I'm essentially asking the Court to do, a

24 sentence of time served would essentially be splitting -- would

25 be the middle of those two Guidelines.  We have a voluntary

1  manslaughter Guideline that's 87 to 108.  We have a second

2  degree murder Guideline that equates to 235 to 293.

3       The sentence I'm requesting today is sort of between

4  those two *mens rea* Guidelines.  I just think -- and of course,

5  as the Court probably was thinking at the original sentencing,

6  there wasn't malice aforethought here with respect to Mr. Pica.

7  So I think that's a more appropriate starting point for --

8  before the Court even considers the 3553(a) factors.

9       Your Honor just mentioned the relative culpability of

10 the defendants here, and of course, there were many reasons

11 that the sentences may have been different.  As Your Honor

12 said, Mr. Delutro received a stipulated sentence on a guilty

13 plea.  Mr. Antico was acquitted of conduct at trial, which of

14 course, the Court could have considered that conduct at

15 sentencing, since it was always the Government's position and I

16 think there was evidence that Mr. Antico was the mastermind of

17 the robbery plan, that he provided direction to Salvatore

18 Maniscalco and John Delutro, and that it wasn't until later

19 that Mr. Pica and Charles Santiago and two other individuals

20 became involved.

21       Like the Court said, there are certainly reasons why

22 those sentences may have been different, but when we sit here

23 today and look at the entire record, I think the fact that

24 Mr. Pica's sentence was a decade longer than the second highest

25 sentence imposed in this case is something that we -- it is a

disparity that we would ask the Court to consider as a 3553(a)

factor in imposing sentence today.

I would add to that -- and we discussed this a few

minutes ago in the context of the legality of doing it -- but I

think even if the Court disagrees with me that time served is

appropriate, we would ask that the Court at least -- whatever

sentence the Court imposes, that the Court run those sentences

concurrent to each other.

I wanted to turn next to Mr. Pica's record in prison

over the last decade and-a-half.  I think more than anything

what that shows is -- I think it does show why the sentence

that I'm advocating for today is warranted.

The Court knows that he had one minor phone abuse

infraction in 2009, while he was still at the MDC.  Since

2009 -- and I have received updated records from FMC Devons --

he has not received a single other infraction while

incarcerated.  He has a very strong record of programming, of

educational classes, of steady employment as an orderly at the

prisons he's been at.  And the thing maybe that he is most

proud of is volunteering in the dementia and elderly patient

ward at Devons, which as the Court knows, is a medical center.

So he volunteers with the older inmates there, in addition to

his employment in the facility.  So I think that is sort of how

he has conducted himself.

And the Court referenced the *Pepper* case, which makes

1  clear that Your Honor can consider that record of years.  I

2  think it shows that for someone like Anthony, who did not have

3  a record of prior convictions before this robbery and now has

4  spent --

5          THE COURT:  I just hope that you have read those prior

6  papers because at the trial, although there weren't prior

7  conviction, there was testimony about other robberies that had

8  been planned and done.  So that's that.

9          MR. JACOBSON:  Absolutely, Judge, and I'm not familiar

10 enough with the record to in any way want to dispute that.

11         I think the fact that there was no conviction matters

12 in the sense that a conviction and a sentence can act as a

13 specific deterrent for someone, more so than someone who had

14 not been previously arrested.

15         THE COURT:  I don't think that's a particularly

16 compelling argument.  I mean, it's okay to keep on doing it if

17 you don't get caught?

18         MR. JACOBSON:  No, I'm suggesting only from the

19 standpoint of specific deterrence here.

20         THE COURT:  Okay.

21         MR. JACOBSON:  I think the fact that -- what I'm

22 suggesting is that in connection with his really positive

23 record in prison over the last 13 years, I think that it shows

24 that we don't need additional incarceration here for the

25 purpose of specific deterrence.  I think he's shown that he can

comply and that he's law abiding, that he wants to be law
abiding, that he wants to give back to the community in some
way, since he's been giving back in a way at FMC Devons with
patients there.

And finally, aside from the prison record and the
culpability and the issues of *mens rea* that I've discussed, I
did want to point briefly to his family, Your Honor. You see
them before you today.

Your Honor received many, many letters from family and
friends in support of Mr. Pica, and I think it's testament to
the relationships that he's maintained while he was in prison.
Some of those letters, Judge, talk about Mr. Pica's incredibly
difficult childhood and family background. Mr. Pica told me he
did not want me to dwell on that today. He wants the Court to
focus on who he has been the last 13 years and what he has
shown.

But I think what those letters also show is he has
continued to provide support for his family. He has continued
to be a parent, especially to his adopted stepsons after his
partner passed away unexpectedly in 2016. He wants to continue
to be a parent.

He wants to have gainful employment in the community.
The Court mentioned restitution and paying that back. It is
important for him to be able to do that, to have a job to pay
back what he owes as some small measure of recompense for the

1  harms here, while he can still contribute productively in
2  society.

3          So I think that while, of course, he can't erase any
4  the harms that he's contributed to here, I think his time over
5  these last few years has shown that he does have a lot he can
6  contribute of value to his family, to the community and to
7  society as a whole, and we would ask that Your Honor give him
8  that chance.

9          THE COURT:  Before I hear from Mr. Pica, does the
10 Government want to be heard?  I think it's the Government's
11 position here that I should impose the same sentence that I
12 imposed before?

13         MR. BUFORD:  Yes, Your Honor.  And we would submit
14 that -- I'll confess that I, too, haven't studied case law
15 beyond the statute, but our view is that Section 3584(a) would
16 function to permit the Court to impose consecutive sentences
17 for a conspiracy crime and an attempt crime, if the Court
18 wished to do so, and we submit it's appropriate here to create
19 or recreate the original sentence the Court imposed.

20         And other than that, Your Honor, with respect to the
21 actual sentence, certainly, the counts of conviction have
22 changed, but the substance of the underlying conduct remains
23 the same, and we think it should be the severity of the
24 conduct, which as the Court has noted many times throughout
25 this case, is as grave and as serious as can be.  That should

1  drive the sentence.

2        The factors that have been raised by the defense were

3  all ones that were known to the Court with respect to

4  defendant's *mens rea*, and the sentences of the other defendants

5  when it imposed the sentence that it did in this case.

6        Setting aside any sort of facial objection to the

7  felony murder rule, we submit that the rule squarely applies to

8  situations like this.  This is heartland felony murder stuff.

9        The example in the application note cited by the

10 defense for situations in which a departure might be warranted

11 is a situation where an unarmed person passes a demand note to

12 a bank teller who unexpectedly has a heart attack.  That's a

13 far cry, Your Honor, from a situation like this where the

14 defendant recruited a gang to attempt an armed robbery with all

15 too predictable results.

16       We would also note, although we're advocating for the

17 original sentence, the application note advises against any

18 departure below the range of second degree murder, which would

19 still be a sentence of I think at least approximately 20 years

20 here.

21       THE COURT:  Well, it goes up to 293 months.

22       MR. BUFORD:  Yes, exactly.  It allows for a wider

23 range even then.

24       The new information for the Court's consideration is

25 the defendant's record while incarcerated.  And while it's

certainly admirable that there have been no infractions, Your

Honor, we submit that that's not sufficient basis for the Court

to materially alter the sentence that was originally imposed,

especially the Court's expectation while in prison not a basis

for a substantial departure.

And along those same lines or on a parallel note, Your

Honor, our office has had communications with the victim's

family in connection with this case to let them know about the

Court's original order back in March, as well as the progress

of the scheduling for this resentencing.  They have evidently

elected not to appear here today, Your Honor; however, from my

own interactions with them as well as information from our

victim coordinator, I can tell you this remains a raw wound for

them.  It's a source of ongoing and genuine hurt.  They

experienced a death in the family recently over the last two

weeks and with this proceeding, it just stirs up the memories,

Your Honor, and I think it's important for that to be noted.

Beyond that, Your Honor, we would rest on our papers,

unless the Court has any questions.

THE COURT:  I don't have any questions.

Mr. Pica, do you want to be heard before the Court

imposes sentence?

THE DEFENDANT:  First and foremost, I would like to

thank the Court --

(Court reporter seeks clarification.)

1    MR. JACOBSON:  And Your Honor also has a letter in the

2  submission from Mr. Pica.

3    THE DEFENDANT:  First and foremost, I want to thank

4  the Court for giving me this opportunity.

5    I want to apologize to the Court, but more

6  importantly, I want to apologize to the victim's family.  I can

7  only hope if pray that they find solace some day.

8    I have made some serious mistakes and hurt a lot of

9  people that care about me.  These mistakes have led me to where

10  I'm at today, and they will not be repeated.

11    I was able to learn a great deal from my experience.

12  I was able to do a lot of soul searching.  I'm coming out with

13  a new attitude towards life with a strong dedication to a

14  career and my family.  Thank you.

15    THE COURT:  All right.  Thank you.

16    The Court now is resentencing the defendant on Count 1

17  and Count 2, the remaining counts on the indictment, the Hobbs

18  Act conspiracy and the attempted Hobbs Act robbery.

19    The Guidelines here remain the same as they were at

20  the time the Court imposed the sentence, original sentence,

21  which is life.

22    At that point in time, the Court took into account the

23  issue of the defendant's *mens rea*, the fact that he -- it was

24  not his intention that the victim be killed, and the Court took

25  that into account in granting a substantial departure from the

**A. 068**

1   Guideline sentence at that time.

2          I don't know that the arguments about *mens rea* on the

3   application note changed the Court's view of his *mens rea* or

4   the significance of his role in the crime.

5          As I said at that point in time, he knew that part of

6   the robbery that they would have gone -- he knew that Santiago

7   was more a volatile individual, so the Court's view of that has

8   not changed.

9          Also, I think I should point out that the fact that

10  the two counts were eliminated does not really change the

11  factual mosaic.  The central facts remain the same:  The

12  robbery, the attempted robbery, the death of the victim.  Those

13  facts all remain the same, which would permit the Court to

14  impose the same sentence if it were inclined to do so.

15         The 3553 factors, the Court has to look at those

16  again, and as I said at the time of the original sentence, the

17  sentence imposed has to reflect the seriousness of the offense,

18  the need to promote respect for the law, and to provide just

19  punishment.

20         As everyone here today recognizes, this was an

21  incredibly serious offense.  A life was taken.

22         The Court has to consider policies of adequate

23  deterrence to criminal conduct.  It may well be now that Mr.

24  Pica, having served a period of time in prison, that he -- that

25  specific deterrence as to him may not be a compelling factor

here, but of course, there's always the general deterrence to others who would consider being -- consider engaging, rather, in similar conduct.

The Court also has to take into account the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

I pointed out that for the defendants who received lesser sentences, there were all reasons for those lesser sentences, including that all of them with the exception, I believe, of Mr. Pica, accepted responsibility for their conduct, some -- well, not Mr. Antico, but Mr. Antico was acquitted of other conduct. And many of them actually cooperated.

The one defendant who pled guilty, Mr. Delutro, who actually -- if my memory -- wasn't actually present the day of the robbery, received a sentence of 240 months. So that's another factor that the Court can take into account.

I am going to impose a partially-consecutive sentence, but I am -- have been impressed by the post-offense rehabilitation. It appears to be genuine. And I'm giving consideration to that in connection with the sentence, and of course, in terms of the history and characteristics of the defendant, I know that he has and always has had the enormous support of his family.

So having taken all of the factors into account, on

Count 1, I'm going to impose a sentence of 20 years, 240
months; on Count 2, I'm going to impose a sentence of 216
months, to run concurrently with the sentence on Count 1, and
24 months to run consecutive to that sentence.

I'm going to place him on supervised release for three
years on each count, and obviously, that runs concurrently.

I am going to not -- I'm going to impose --

The special assessments have been paid, I take it, Mr.
Jacobson, is that correct?

MR. JACOBSON:  I believe so, out of Mr. Pica's
commissary.

THE COURT:  All right.  So the special assessments
have been paid.  I'll nominally impose them, but if they have
been paid, he doesn't have to pay them.

And I'll impose the restitution for a total of
$36,000, to be paid by ten percent of his -- over the course of
his three-year supervised release term, to be paid at ten
percent of his gross income.

Are there any special conditions of supervised that
remain?  I know at the time, it was to receive drug treatment.
Is that still an issue as far as Probation is concerned?

MS. HOULTON:  Your Honor, we did not recommend or we
do not recommend at this time that drug treatment is imposed,
but we did request a financial special condition.

THE COURT:  Yes.  I will impose that he provide the

1    Probation Department with full financial disclosure, in light

2    of his -- of the restitution requirement.

3         Is there anything that I've overlooked from the

4    Government's perspective?

5         MR. BUFORD:  I don't believe so, Your Honor.

6         THE COURT:  From the defendant, is there anything that

7    I've --

8         MR. JACOBSON:  I just wanted to clarify for Mr. Pica's

9    sake that the aggregate sentence is 22 years?

10        THE COURT:  Right.

11        MR. JACOBSON:  And this maybe is a question for

12   Probation.  I don't have the statute in front of me.  But with

13   the vacated counts, is the supervised release term now

14   different?

15        THE COURT:  It's three years.

16        MR. JACOBSON:  Okay.  I just wanted to clarify.

17        THE COURT:  Before, I think it was five, but I've

18   imposed three-year terms of supervised release, which are

19   correct for both of the current counts.

20        MR. JACOBSON:  Understood.  Thank you, Your Honor.

21        THE COURT:  All right.  Is there anything further?

22        Oh, Mr. Pica, you have a right to appeal your

23   sentence.  Any Notice of Appeal would have to be filed within

24   14 days.  Do you understand that?

25        THE DEFENDANT:  Yes, I do.

1           THE COURT:  All right.  Anything further?

2           MR. BUFORD:  Your Honor, as the Government -- as the

3  Court is aware, the Government has filed a Notice of Appeal

4  with respect to the original order.  That appeal is stayed

5  pending the outcome of the sentencing.  Just for the sake of

6  preserving options, Your Honor, I'll object to the reduction in

7  sentence, just for the record.

8           THE COURT:  Okay.  Fine.  I think your claim is based

9  on the fact that attempted robbery is -- and that hasn't been

10  resolved in the Circuit as yet, has it?

11          MR. BUFORD:  It's pending in at least two cases.  This

12  would be third, Your Honor, but it has not been resolved.

13          THE COURT:  So assuming -- what would happen, assuming

14  that?

15          MR. BUFORD:  Your Honor, if the Circuit were to

16  conclude that attempted robbery was a crime of violence, I

17  think the result would be that the Court would have to

18  reinstate the two counts that have been vacated, and I assume

19  the original sentence.  Although the Court, I think, would

20  be -- I don't know actually if there would be a legal basis for

21  the Court to impose this new sentence, if the Court's March

22  order is overturned.

23          THE COURT:  I don't know.  Well, we shall see.

24          All right.  Nothing further then from Mr. Pica?  All

25  right.  Thank you.

**A. 073**

1      MR. BUFORD:  Thank you, Your Honor.

2      MR. JACOBSON:  Thank you, Your Honor.

3      (Sentencing concluded.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**A. 074**

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 1

Case 1:08-cr-00559-CBA Document 403 Filed 10/22/20 Page 1 of 7 PageID #: 4493
(NOTE: Identify Changes with Asterisks (*))

# UNITED STATES DISTRICT COURT

Eastern District of New York

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| Anthony Pica | ) | Case Number: CR08-00559-1 (CBA) |
| | ) | USM Number: 76729-053 |
| **Date of Original Judgment:** 12/22/2010 | ) | Samuel Jacobson F/D (AUSA Frank Turner Buford) |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)   One (1) and two (2) of Superseding Indictment
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1951(a) | Robbery Conspiracy (Class C Felony). | 4/29/2008 | 1 |
| 18:1951(a) | Attempted Robbery (Class C Felony). | 4/29/2008 | 2 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  3 and 4 (vacated)    ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/24/2020
Date of Imposition of Judgment

/s/ Carol Bagley Amon
Signature of Judge

Carol Bagley Amon, U.S.D.J.
Name and Title of Judge

October 20, 2020
Date

**A. 075**

Judgment — Page __2__ of __7__

DEFENDANT:   Anthony Pica
CASE NUMBER:   CR08-00559-1 (CBA)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :

Count 1: Two hundred forty (240) months; Count 2: Two hundred forty (240) months. Of that term, Two hundred sixteen (216) months are to run concurrently to the sentence imposed on Count 1 and Twenty-four (24) months are to run consecutively to the sentence imposed on Count 1.

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

A. 076

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
                       Sheet 3 — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page   3   of   7

DEFENDANT:  Anthony Pica
CASE NUMBER:  CR08-00559-1 (CBA)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

  Three (3) years to run concurrently on each count.

## MANDATORY CONDITIONS

1.    You must not commit another federal, state or local crime.
2.    You must not unlawfully possess a controlled substance.
3.    You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
    ☐  The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.  ☐  You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.  ☑  You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☐  You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐  You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

A. 077

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:       Anthony Pica
CASE NUMBER:     CR08-00559-1 (CBA)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by your probation officer.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

A. 078

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page __5__ of __7__

DEFENDANT:  Anthony Pica
CASE NUMBER:  CR08-00559-1 (CBA)

## SPECIAL CONDITIONS OF SUPERVISION

It is a special condition that the defendant Anthony Pica must comply with the following conditions:

Upon request, the defendant shall provide the U.S. Probation Office with full disclosure of his financial records.

A. 079

Judgment — Page __6__ of __7__

DEFENDANT:  Anthony Pica
CASE NUMBER:  CR08-00559-1 (CBA)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 400.00 | $ 36,000.00* | $ | $ | $ |
| | Paid in full* | | | | |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Estate of Louis Antonelli * | | $36,000.00* | 10% of gross monthly income upon release. (Payments to be made to Clerk of Court) |

| | | | |
|---|---|---|---|
| TOTALS | $ _____ 0.00 | $ _____ 36,000.00 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐  the interest requirement is waived for  ☐ fine  ☐ restitution.

    ☐  the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

A. 080

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

(NOTE: Identify Changes with Asterisks (*))

Judgment — Page __7__ of __7__

DEFENDANT:  Anthony Pica
CASE NUMBER:  CR08-00559-1 (CBA)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ __36,400.00__ due immediately, balance due $400 s/a Paid in full;remaining balance of $36,000 restitution.*

☐ not later than _____ , or
☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| CR08-00559(3) Charles Santiago* | | $36,000.00* | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

A. 081

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 22 2020 ★

BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT

## DISTRICT OF _New York Eastern District_

UNITED STATES OF AMERICA,

      Plaintiff,

      VS.

      Anthony Pica,

      Defendant

) Case No: 1:08-CR-00559-CBA
)
) NOTICE OF APPEAL
)
)
)
)
)
)
)
)

RECEIVED
OCT 22 2020
PRO SE OFFICE

NOW COMES, _Anthony Pica_ , Defendant in the above captioned case, in Pro Se and hereby gives his Notice of Appeal to the United States Court of Appeal for the _Second_ Circuit from the decision of this Honorable Court stated below:

_resentencing from September 24, 2020, I request to counsel to file a notice of appeal on the 24th of September. I was in the SHU for quarantine from September 12, 2020 until October 13, 2020. Once I get out of the SHU I seen that counsel had not file the notice of appeal by way of email. See attachments (A)_

Respectfully submitted this __14__ day of __October__, 20_20_.

_Anthony Pica_

NAME: _Anthony Pica_
NUMBER: _74739-053_
FMC Devens, Unit _I-B_
P.O. Box 879
Ayer, MA 01432

**A. 082**

Attachment A



**U.S. Prisons Department of Justice**
**Federal Bureau of Prisons**
*Federal Medical Center, Devens*

*P.O. Box 880*
*Ayer, MA 01432*

**October 14, 2020**

TO:           **Whom It May Concern**

FROM:      **S. Godinez, Counselor**

SUBJECT:   **PICA, Anthony**
                  **Reg. No. 76729-053**

This letter is to inform you that Pica, Anthony Register No. 76729-053 (DOB: 09-18-1963),SSN: 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 is currently incarcerated with the Federal Bureau of Prisons at FMC Devens, 42 Patton Road, Ayer, Massachusetts.  Mr. Pica was recently housed in our Special Housing Unit from September 12, 2020 through October 13, 2020. He was placed there for quarantine purposes after returning from WRIT.

If you need any additional information, please feel free to contact me at (978) 796-1000.

**S. Godinez**
**J Unit Counselor**
**FMC Devens**
**978-796-1000**

**A. 083**

Anthony [illegible]
REG# 76729-053
Federal Medical Center, Devens
P.O. Box 879
Ayer, MA 01432

BOSTON MA 020

15 OCT 2020 PM 7 L

The Clerk,
225 Cadman PLZ E
Eastern District of New York
Brooklyn Heights, NY 11201

11201-181809

A. 084



"THIS CORRESPONDENCE IS FROM AN INMATE IN CUSTODY OF THE FEDERAL BUREAU OF PRISONS"

A. 085

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on October 11, 2022, I filed the foregoing appendix

with the Clerk of the United States Court of Appeals for the Second

Circuit by means of the CM/ECF system.  I further certify that counsel

for appellee, Assistant United States Attorney F. Turner Buford, is a

registered user of the CM/ECF system and that service was

accomplished through that system.


October 11, 2022          *<u>s/ Matthew B. Larsen</u>*
                          MATTHEW B. LARSEN